[Cite as *In re B.W.*, 2011-Ohio-4513.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 96550 and 96551

---

# IN RE: B.W., ET AL.

# Minor Children

## (Appeal by Mother)

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 06102841 and CU 06102842

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 8, 2011
**FOR APPELLANT**

H.M., pro se
4305 Friendly Ct.
Cleveland, OH 44104


**ATTORNEY FOR APPELLEE**

Stanley Jackson, Jr.
75 Public Square
Suite 1414
Cleveland, OH 44113


**Guardian ad Litem for Children**

Anjanette Arabrian Whitmon
P.O. Box 16554
Rocky River, OH 44116

**Guardian ad Litem for Mother**

Carla Golubovic
P.O. Box 29127
Parma, OH 44129


SEAN C. GALLAGHER, J.:

{¶ 1} In this consolidated action, appellant, H.M.[1] ("mother"), pro se, appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, to reallocate parental rights as to each of her two minor children.[2] For the reasons stated herein, we dismiss the appeal for a lack of a final appealable order.

{¶ 2} H.M. is the mother and N.W. is the father of the two minor children involved in this matter. In March 2006, mother filed an application to determine custody of the children. In November 2006, pursuant to an agreement of the parties, the court designated mother as the residential and legal custodian of the children and provided father with parenting time.

{¶ 3} In January 2010, father filed a motion to modify custody, as well as a motion for temporary custody pending a hearing. Father sought custody of the children because mother had been incarcerated for a domestic violence incident and the children were living with their aunt. The court granted father temporary custody of the children and set the matter for hearing.

{¶ 4} A hearing was held before a court magistrate on November 8, 2010. Thereafter, on December 9, 2010, the magistrate issued a boilerplate decision that found there had been a sufficient change in circumstances to warrant a

---

[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding nondisclosure of identities in juvenile cases.

[2] Separate juvenile court cases exist as to each respective child, Case Nos. CU 06102841 and CU 06102842.

modification of custody, without indicating what change in circumstances had occurred. The magistrate further made a listing of the best interest factors that were considered and made a perfunctory statement that it was in the children's best interest to modify the court's prior order and to designate father the residential and legal custodian of the children, while according mother with parenting time. No factual basis was set forth for these determinations.

{¶ 5} Both mother and the guardian ad litem for the children filed objections to the magistrate's decision. Mother's objections were filed on December 15, 2010, and the guardian ad litem's objections were filed on December 16, 2010. Mother expressed the love and devotion she has to her children and indicated that while they were in her care, her children were well cared for, received a good education, had a stable place to live, and were bonded with their siblings. The guardian ad litem argued that custody was awarded to father over her recommendation. She indicated that the children were removed from mother's home following a domestic incident arising from mother's unruly teenage daughter's behavior, that this daughter has been removed from the situation, that the household is now under control, that the children were well cared for, and that the reason upon which the minor children had been removed from the home no longer exists. She also referenced concerning behavior regarding father.

**{¶ 6}** The trial court adopted the magistrate's decision and designated father the residential parent and legal custodian of the children, while according parenting time to mother. Mother filed this appeal, arguing in her sole assignment of error that the trial court abused its discretion by ruling against the recommendation of the guardian ad litem and without addressing or hearing the objections raised to the magistrate's decision.[3]

**{¶ 7}** Our review reflects that the judgment entries in the underlying cases contain boilerplate language and fail to explicitly rule upon the objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(4)(d), "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."[4]

---

[3] Although our review has been limited, nothing herein precludes mother from filing a motion to modify parental rights if a change in circumstances occurs. See R.C. 3109.04. We also note that although a juvenile court is to consider the recommendation of the guardian ad litem, it is not required to follow that recommendation. See *In re P.T.P.*, Greene App. No. 2005 CA 148, 2006-Ohio-2911, ¶ 24.

[4] Also, pursuant to Civ.R. 53(D)(4)(b), regardless of whether objections are made, a court may choose a course of action other than adopting a magistrate's decision and is permitted to "hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." The rule is

{¶ 8} Where a trial court fails to rule on timely objections, there is no final appealable order. *Peric v. Buccilli*, Cuyahoga App. No. 80805, 2002-Ohio-6234, ¶ 8. As stated by one court, "'When a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action.'" *In re Strickler*, Lorain App. No. 09CA9692, 2010-Ohio-2277, ¶ 5, quoting *In re Strickler*, Lorain App. Nos. 08CA009375 and 08CA009393, 2008-Ohio-5813, at ¶ 7-8.

{¶ 9} Additionally, a trial court may not merely rubber stamp a magistrate's decision. *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 793, 758 N.E.2d 1234; *Roach v. Roach* (1992), 79 Ohio App.3d 194, 207, 607 N.E.2d 35. Our review reflects that the trial court adopted the boilerplate language of the magistrate's decision. While the court found that a sufficient change of circumstances had occurred, it never expressly identified any change in circumstances.

{¶ 10} In accordance with R.C. 3109.04(E)(1)(a), a trial court may not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds: (1) there was a change in circumstances; (2) a modification is necessary to serve the best interest of the child; and (3) one of the three remaining factors in the statute is present. There must

discretionary in this regard.

be competent, credible evidence to support a trial court's findings that there has been a change in circumstances and that modification is necessary to serve the best interest of the children.

{¶ 11} In light of the objections raised, upon returning the matter to the trial court, the court may wish to consider additional evidence as permitted by Civ.R. 53(D)(4)(d), shall rule on the objections that were timely filed, and shall issue a judgment in each case consistent herewith. We caution trial courts that attention must be paid to the requirements imposed in determining custody cases and that they must comply with the applicable statutes and rules. While the trial court was not required to provide comprehensive findings of fact and conclusions of law, it should provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered. Because of the interests of the children involved, the court should expeditiously move the case to finality. See *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, McGee Brown, J., concurring.

{¶ 12} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and

KATHLEEN ANN KEOUGH, J., CONCUR