[Cite as *Cuyahoga Cty. Treasurer v. Holloway*, 2017-Ohio-8065.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105309**

## TREASURER OF CUYAHOGA COUNTY, OHIO

PLAINTIFF-APPELLEE

vs.

## SHAWN HOLLOWAY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-854999

**BEFORE:** Keough, A.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**APPELLANT**

Shawn Holloway, pro se
Inmate No. 57053-060
F.C.I. Morgantown
P.O. Box 1000
Morgantown, West Virginia 26507


**ATTORNEYS FOR APPELLEES**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Michael A. Kenney, Jr.
        Hannah F. Singerman
Assistant County Prosecutors
310 West Lakeside Avenue, Third Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Shawn Holloway, appeals the trial court's decision affirming the magistrate's decision ordering foreclosure. For the reasons that follow, this matter is dismissed for lack of a final appealable order.

{¶2} In November 2015, plaintiff-appellee, the Treasurer of Cuyahoga County, filed a complaint in foreclosure of real property located at 2848 East 102nd Street, Cleveland, Ohio 44104, with permanent parcel number 128-11-066 for delinquent real property taxes. Despite not receiving service of the complaint, Holloway filed an answer on December 18, 2015.[1] Holloway was subsequently served with the complaint via publication on July 7, 2016 and then on September 14, 2016 by certified mail at Holloway's Morgantown, WV address.

{¶3} On November 22, 2016, a magistrate conducted a hearing on the county's complaint. Subsequently on November 30, 2016, the magistrate issued her decision with findings of facts, conclusions of law, and ordering foreclosure. On December 12, 2016, Holloway filed a motion to "set aside" the magistrate's decision.[2] The content of the

---

[1]Although Holloway filed his answer, the court docketed the filing as "Complaint for Collection of Delinquent Taxes, Assessments, Penalties, and Interest, Foreclosure and Equitable Relief." From the filing itself, it appears that Holloway mimicked the County's complaint in his caption, but the filing is clearly an Answer to that complaint.

[2]Holloway's motion was docketed with the trial court on December 13, 2016. However, a review of the documents within the trial court's file reveals that Holloway's motion was filed twice — once on December 12 and then again on December 13. The December 12 filing was docketed under a different title.

filing reveals that Holloway was objecting to the magistrate's decision. Despite Holloway's objections, the trial court adopted the magistrate's decision on December 14, 2016, without ruling on Holloway's objections. This timely appeal follows.

{¶4} This court has jurisdiction to review final orders or judgments of lower courts within our district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. If the order is not a final, appealable order, we lack jurisdiction and must dismiss the appeal. *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 11. Accordingly, this court has the duty to sua sponte examine any deficiencies in jurisdiction. *Saikus v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 77802, 2001 Ohio App. LEXIS 1696, *6 (Apr. 12, 2001).

{¶5} Pursuant to Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during the 14-day period. Under Civ.R. 53(D)(4)(d), a trial court "shall rule" on any timely filed objections to a magistrate's decision. Where a trial court fails to rule on timely objections, there is no final, appealable order. *In re B.W.*, 8th Dist. Cuyahoga Nos. 96550 and 96551, 2011-Ohio-4513, ¶ 8, citing *Peric v. Buccilli*, 8th Dist. Cuyahoga No. 80805, 2002-Ohio-6234, ¶ 8. As stated by one court, "[w]hen a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action." *In re Strickler*, 9th Dist. Lorain No. 09CA009692, 2010-Ohio-2277, ¶ 5.

**{¶6}** Here, the magistrate's decision was filed on November 30, 2016. Holloway filed written objections on December 12, 2016, within the 14-day period for filing objections. The trial court never ruled on these objections prior to adopting the magistrate's decision, however, and thus we do not have a final, appealable order.

**{¶7}** Dismissed.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR