[Cite as *In re J.H.*, 2018-Ohio-4026.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106658

## IN RE: J.H., ET AL.

## A Minor Child

[Appeal By Mother]

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 12920956 and AD 12920957

**BEFORE:** Jones, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 4, 2018

[Cite as *In re J.H.*, 2018-Ohio-4026.]

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEES**

**For CCDCFS**

Michael C. O'Malley
Cuyahoga County Prosecutor

Cheryl Rice
Assistant County Prosecutor
3955 Euclid Avenue
Cleveland, Ohio 44115


**For C.W., Father**

C.W., pro se
16025 Lakeshore Blvd., #204
Cleveland, Ohio 44110


**For A.H.**

A.H., pro se
3672 East 118th Street
Cleveland, Ohio 44105


**For K.M.**

K.M., pro se
1274 East 133rd Street
Cleveland, Ohio 44112


**For S.W.**

S.W., pro se
3600 Northfield Road, #208
Highland Hills, Ohio 44122

**Guardian ad litem for A.L.H., Mother**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio 44131

**Guardian ad litem for Children**

Maureen T. Nagel
2707 Jaycox Road
Avon, Ohio 44011

LARRY A. JONES, SR., J.:

{¶1} This appeal arises from decisions rendered by the juvenile court on Mother-appellant, A.L.H.'s motion to modify custody and visitation. For the reasons that follow, we reluctantly dismiss this appeal.

## I. Procedural History

{¶2} Two children are the subject of this case: K.M., date of birth March 25, 2003, and J.H., date of birth August 27, 2012. The case began in 2012 upon the filing of complaints by the Cuyahoga County Department of Children and Family Services.

{¶3} At all times relevant to this appeal, the children were not living with Mother or their alleged Fathers, who are not parties to this appeal. The children had been living separate and apart from one another; since 2014, K.M. was in the care and custody of an uncle, and since 2013, J.H. was in the care and custody of an aunt.

{¶4} In May 2015, Mother, pro se, filed a motion to "modify custody and visitation and set visitation." She requested that the children be placed in her custody or, alternatively, that she be granted additional visitation with them.

{¶5} A guardian ad litem ("GAL") was appointed for the children. Mother requested an in-camera hearing for K.M., which was held on December 2, 2016. On December 22, 2016, Mother requested an attorney; she had a GAL who had been representing her for the prior proceedings in this case.

{¶6} In February 2017, Mother's GAL filed a motion to withdraw, stating that she was "no longer on the GAL or assigned counsel list and [was] no longer eligible to serve

as appointed counsel or GAL in Juvenile Court." The GAL requested that Mother be appointed a new GAL "as soon as possible."

{¶7} A pretrial hearing was held a few days after the GAL filed her motion. At the hearing, the juvenile court granted the GAL's motion. The juvenile court appointed a new GAL for mother, and denied her request for counsel. The new GAL appeared with Mother for two pretrials, but not for the hearing on her motion, as he had been "dismissed" by the court at the June 2017 pretrial hearing. The hearing on Mother's motion to modify and set visitation occurred before a magistrate in October 2017.

{¶8} The magistrate issued her decisions in November 2017. The first one, issued on November 16, 2017, related to J.H. The magistrate denied Mother's requests to modify custody and for visitation. The magistrate further decided that it was in the best interest of J.H. if his custodian retained sole legal custody of him and Mother have no visitation with him. Additionally, the magistrate decided that Mother was not entitled to access any records relating to J.H. and any record keeper who knowingly failed to comply with the order would be in contempt of court.

{¶9} The second decision of the magistrate related to K.M. and was issued on November 27, 2017. The magistrate decided that the evidence was insufficient to warrant a change in custody and that no modification was necessary. Therefore, Mother's motion was denied. The magistrate further decided that Mother "should not have access to records related to the child under the same terms and conditions as provided for the residential parent." The magistrate ordered visitation for Mother on

Saturdays, from 10:00 a.m. until 6:00 p.m., and made arrangements for transportation to and from the visits.

{¶10} Mother filed objections to the magistrate's decision regarding J.H. on November 30, 2017, and on December 11, 2017, relative to K.M. In entries dated December 1, 2017, and December 12, 2017, the juvenile court affirmed, approved, and adopted the magistrate's decisions relating to J.H. and K.M., respectively.

{¶11} This appeal ensued.

## II.  Assignments of Error

I.   The decision of the trial court was against the manifest weight of the evidence.

II.   The trial court abused its discretion in finding that limited visitation for the Mother was in the best interest of the children.

III.   The trial court abused its discretion in granting Mother such restrictive visitation that it amounts to a denial of visitation.

IV.   The trial court erred to the prejudice of the appellant and violated her due process rights by removing her guardian ad litem during the pendency of these proceedings.

## III.  Law and Analysis

{¶12} We, unfortunately, are unable to review any of Mother's assignments of error because we do not have a final, appealable order.

{¶13} Juv.R. 40(D)(3)(b)(1) provides in part that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision,

whether or not the court has adopted the decision during that fourteen-day period * * *." If a party files timely objections to a magistrate's decision, the court "shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d).

**{¶14}** Mother timely filed her objections in this case; they were filed on the 14th day after the magistrate issued her respective decisions. The juvenile court, however, never made any mention or rendered any ruling on the objections. Thus, we do not have a final, appealable order.

> Under Juv.R. 40(D)(4)(d), a trial court "shall rule" on any timely filed objections to a magistrate's decision. Where a trial court fails to rule on timely objections, there is no final, appealable order. *In re B.W.*, 8th Dist. Cuyahoga Nos. 96550 and 96551, 2011-Ohio-4513, ¶ 8, citing *Peric v. Buccilli*, 8th Dist. Cuyahoga No. 80805, 2002-Ohio-6234, ¶ 8. As stated by one court, "[w]hen a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action." *In re Strickler*, 9th Dist. Lorain No. 09CA009692, 2010-Ohio-2277, ¶ 5.

*In re D.C.*, 8th Dist. Cuyahoga Nos. 102614 and 102631, 2015-Ohio-3038, ¶ 15.

**{¶15}** Mother's involvement with the juvenile court relative to K.M. and J.H. dates back to 2012. She filed the motion that was the subject of this attempted appeal in May 2015, and the juvenile court rendered its decision in December 2017. To say that these proceedings have lingered far too long is an understatement. But, because of the circumstances as they are, we must dismiss this appeal.

**{¶16}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR