[Cite as *In re J.S.*, 2022-Ohio-1847.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.S., ET AL.                    :

Minor Children                        :                    No. 111143

[Appeal by S.H., Mother]              :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 2, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD20906255 and AD20906256

*Appearances:*

Judith M. Kowalski, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant, S.H. ("Mother"), appeals from the juvenile court's decision granting legal custody of her minor children, J.S. (d.o.b. 12/28/2015) and E.S. (d.o.b. 10/11/2017), to the children's paternal great-grandparents, F.S. and P.S. ("great-grandparents"). For the following reasons, we dismiss this appeal.

**Procedural History**

{¶ 2} On July 21, 2020, the Cuyahoga County Division of Children and Family Services ("agency") filed a complaint in Cuyahoga J.C. Nos. AD20906255 and AD20906256 for dependency and temporary custody of J.S. and E.S. to the children's great-grandparents and filed a motion for predispositional temporary custody of J.S. and E.S. to their great-grandparents.[1] The complaint stemmed from two incidents related to Mother's mental health.

{¶ 3} On July 27, 2020, the court appointed a guardian ad litem ("GAL") for J.S. and E.S. as well as a GAL for Mother. The agency filed a family case plan on August 20, 2020, that was signed by Mother and B.S. ("Father"), father of J.S. and E.S.[2]

{¶ 4} On September 18, 2020, the magistrate conducted a hearing and found that the continued residence of the children with Mother was not in their best interests. The court found probable cause to remove the children from Mother's home and granted the agency predispositional temporary custody of J.S. and E.S. The children were placed with their great-grandparents with whom they remained throughout the duration of this case.

---

[1] The same complaint also sought dependency on behalf of Mother's minor child L.H. (d.o.b. 05/31/2009) and temporary custody of L.H. to her father, A.H., in Cuyahoga J.C. No. AD20906257. Mother stipulated to and the juvenile court granted legal custody of L.H. to A.H. The current proceedings do not address L.H.'s placement and the procedural history does not include any subsequent reference to L.H.

[2] During the pendency of this action before the juvenile court, Father stipulated to granting legal custody of J.S. and E.S. to their great-grandparents, and he is not a part of this appeal.

{¶ 5} On October 2, 2020, the magistrate held an adjudicatory hearing. In conjunction with the agency's oral motion to amend the complaint, Mother stipulated to the following allegations and the complaint was amended accordingly:

> (1) On or about July 5, 2020, Mother was hospitalized following a suicide attempt. She was previously hospitalized for mental health issues, most recently in June 2020.
> (2) Mother has a mental health diagnosis for bipolar disorder, PTSD, and anxiety.
> (3) Mother currently receives treatment for these disorders and needs to continue treatment.
> (4) Mother needs to ensure appropriate housing for herself and the children.

The juvenile court found the allegations of the complaint proven by clear and convincing evidence and adjudicated J.S. and E.S. dependent. The court terminated its previous order committing the children to predispositional temporary custody of the agency and committed them to the temporary custody of great-grandparents. The court found Mother needed to comply with psychiatric and psychological services and establish housing. The court approved the case plan. The magistrate's October 5, 2020 decision and findings of fact journalized the events of the October 2, 2020 hearing. On October 21, 2020, the juvenile court docketed a journal entry that affirmed, approved, and adopted the magistrate's October 5, 2020 decision and findings of fact.

{¶ 6} The court's order that granted temporary custody to the great-grandparents was set to expire on July 21, 2021. On May 6, 2021, the agency filed a motion to extend temporary custody for six months until January 21, 2022. The motion also requested that the court issue findings of fact that stated continued

placement was in the best interest of the children and that the agency made reasonable efforts to finalize a permanency plan for the children ("reasonable efforts motion").

{¶ 7} On June 9, 2021, the court held a hearing on the motion for extension of temporary custody. Mother did not attend the hearing. The court granted Mother's request for continuance because Mother's attorney was unable to communicate with his client prior to the hearing.

{¶ 8} On July 21, 2021, the magistrate conducted a hearing attended by the great-grandparents, the agency's attorney, Mother's attorney, the children's GAL, Father, and social worker Nicole House ("House"); Mother did not participate. The magistrate held the agency's motion for first extension of temporary custody in abeyance, and the court heard testimony from House on the agency's reasonable efforts motion. Based upon House's testimony, the magistrate found the agency made reasonable efforts to finalize the permanency plan for the children and to make and finalize an alternative permanent placement. On August 7, 2021, the juvenile court affirmed, approved, and adopted the magistrate's July 21, 2021 decision in its entirety.

{¶ 9} On July 30, 2021, the agency filed a motion to amend the dispositional prayer from a motion for first extension of temporary custody to a motion to modify temporary custody to legal custody.

{¶ 10} On October 15, 2021, the magistrate held a hearing on the agency's motion to modify temporary custody to legal custody to the great-grandparents.

Present at the hearing were Mother, great-grandparents, the agency's attorney, Mother's attorney, Father's attorney, GALs for the children and Mother, Father, and House. Mother opposed the motion for legal custody of J.S. and E.S. to the great-grandparents and requested a continuance that the court denied.

{¶ 11} House and the children's GAL testified at the hearing and the magistrate filed its findings. The magistrate found Mother made minimal progress on her case plan and on alleviating the cause for the children's removal from her home. The magistrate found return of J.S. and E.S. to Mother would be contrary to the children's best interest. The magistrate also found placement of the children with their great-grandparents was appropriate and continued temporary custody was neither necessary nor in the children's best interest. The magistrate terminated the order for temporary custody and committed J.S. and E.S. to the legal custody of their great-grandparents. The magistrate granted Mother reasonable supervised parenting time until she demonstrates substantial compliance on the case plan objectives.

{¶ 12} On October 29, 2021, Mother filed objections to the magistrate's findings and argued the decision was against the manifest weight of the evidence and not in the children's best interest. Mother filed her objections 14 days after the magistrate's findings were filed. The juvenile court failed to rule on Mother's objections. On November 5, 2021, the court affirmed, approved, and adopted the magistrate's findings in the matter of J.S., and on December 3, 2021, the trial court affirmed, approved, and adopted the magistrate's findings in the matter of E.S.

{¶ 13} On December 3, 2021, mother filed a timely notice of appeal stating the following assignments of error for review:

> First Assignment of Error: The Cuyahoga County Juvenile Court erred and abused its discretion to the prejudice of this appellant in finding that a preponderance of the evidence supported granting legal custody of the subject children to their great-grandparents.

> Second Assignment of Error: The trial court erred to the prejudice of the appellant in not extending the temporary custody order, as the mother had made significant case plan progress, and it was reasonable to believe that the child[ren] could be reunified with her within the period of extension.

**Legal Analysis**

{¶ 14} We are not able to review Mother's assignments of error and must dismiss this case for lack of a final, appealable order.

{¶ 15} An appellate court's jurisdiction is limited to the review of final judgments. Ohio Constitution, Article IV, Section 3(B)(2). Absent a final, appealable order, an appellate court lacks jurisdiction and must dismiss the appeal. *In re D.C.*, 8th Dist. Cuyahoga Nos. 102614 and 102631, 2015-Ohio-3038, ¶ 14, citing *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 11. Accordingly, this court is bound to sua sponte examine a case for jurisdictional deficiencies. *In re D.C.* at ¶ 14, citing *Saikus v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 77802, 2001 Ohio App. LEXIS 1696, 6 (Apr. 12, 2001).

{¶ 16} Under Juv.R. 40(D)(3)(b)(1), a party may file objections to a magistrate's decision within 14 days of the filing of the decision. If objections to the

magistrate's decision are timely filed, "the court shall rule on those objections." Juv.R. 40(D)(4)(d). Further,

> [w]here a trial court fails to rule on timely objections, there is no final, appealable order. *In re B.W.*, 8th Dist. Cuyahoga Nos. 96550 and 96551, 2011-Ohio-4513, ¶ 8, citing *Peric v. Buccilli*, 8th Dist. Cuyahoga No. 80805, 2002-Ohio-6234, ¶ 8. As stated by one court, "[w]hen a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action." *In re Strickler*, 9th Dist. Lorain No. 09CA009692, 2010-Ohio-2277, ¶ 5.

*In re J.H.*, 8th Dist. Cuyahoga No. 106658, 2018-Ohio-4026, ¶ 14, quoting *In re D.C.* at ¶ 15.

{¶ 17} Here, the magistrate's decision following the custody hearing was filed on October 15, 2021. On October 29, 2021, Mother timely filed her objections to that decision. On November 5, 2021 and December 3, 2021, the juvenile court entered judgment entries in the cases for J.S. and E.S., respectively, that affirmed, approved, and adopted the magistrate's findings relating to the custody hearing. The juvenile court never made mention nor rendered a ruling on Mother's objections. Thus, we do not have a final, appealable order.

{¶ 18} Either party may request reinstatement of this appeal after the juvenile court rules on Mother's objections.

{¶ 19} Appeal dismissed.

It is ordered that appellant recover from appellee costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR