[Cite as *Cleveland v. Damato*, 2026-Ohio-356.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 115295 |
| v. | : | |
| PETER DAMATO, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 5, 2026

Criminal Appeal from the Cleveland Municipal Court
Case No. 2025-TRD-004823

### *Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueelah Jordan, Chief Prosecutor, and Aric Kinast, Assistant Prosecuting Attorney, *for appellee.*

Haneline Pryatel Law, LLC, and Keith L. Pryatel, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Peter D'Amato appeals his judgment of conviction, rendered after a bench trial, for failure to control his motor vehicle. His appeal is untimely, and, thus it is dismissed.

## I.  Procedural History and Factual Background

{¶ 2}   Following a traffic accident investigation in the City of Cleveland on March 16, 2025, Ohio State Highway Patrol Trooper Walter Martens issued D'Amato a minor misdemeanor traffic citation for failure to control, in violation of R.C. 4511.202.

{¶ 3}   On April 10, 2025, the trial court conducted a bench trial at which both the state trooper and D'Amato testified.  The court found D'Amato guilty and sentenced him to pay a $100 fine and court costs that he paid the same day.  He did not file a timely appeal.

{¶ 4}   Instead, on May 22, 2025, D'Amato filed a motion for leave to appeal, seeking to challenge his conviction.  *See Cleveland v. D'Amato*, 8th Dist. Cuyahoga No. 115153.  In support of his motion, he stated that the transcript was not made available to him until May 20, 2025, and that he filed with the Cleveland Municipal Court "under . . . App.R. 4(B)(3)(d)" a request for the municipal court to "issue and make findings of fact and conclusions of law under Crim.R. 19([D])(3)(a)(ii)."  On June 10, 2025, this court denied his motion for leave and dismissed the appeal.

{¶ 5}   Regarding D'Amato's motion to make findings of fact and conclusions of law that he filed in the municipal court, he relied on Crim.R. 19(D)(3)(a)(ii). That rule governs "magistrate's decision; objections to magistrate's decision," and provides that a magistrate's decision may be general, unless findings of fact and conclusions of law are timely requested, which is either before the decision is filed

or within seven days after the filing of the magistrate's decision. Crim.R. 19(D)(3)(a)(ii).

{¶ 6} Notwithstanding that the request was untimely, this rule was inapplicable because a municipal court judge presided over the bench trial, not a magistrate. Accordingly, the trial court was under no obligation to grant D'Amato's motion and issue the untimely requested findings of fact and conclusions of law. Nevertheless, the trial court issued findings of fact and conclusions of law on June 20, 2025.

{¶ 7} On July 3, 2025, and without leave from this court, D'Amato appealed from this June 20, 2025 filing, raising four assignments of error, challenging the sufficiency of the evidence, evidentiary rulings, and whether the trial judge impermissibly served as an expert witness.

{¶ 8} In response, the City moved to dismiss D'Amato's appeal, contending that the appeal (1) was moot because D'Amato paid his fines and court costs, and (2) was untimely because the trial court's final judgment entry was issued in April 2025. The City also challenged D'Amato's brief, contending that it was not properly served under App.R. 13(E).

{¶ 9} D'Amato opposed the City's motion, contending the appeal was not moot because his conviction caused him to suffer "exponentially increased and exacerbated insurance costs," and thus qualified as a "legal collateral consequence." He further contended that his appeal was timely because pursuant to App.R. 4(B)(3)(d), his request for findings of fact and conclusions of law under Crim.R. 19

extended the time to file his appeal. In support, he cited to multiple civil cases involving Civ.R. 52, which would require a court to issue findings of fact and conclusions of law, if requested.[1]

{¶ 10} This court denied the City's motion to dismiss, finding that the merit panel considering the appeal would determine whether the claim of increased insurance premiums was sufficient to qualify as a "collateral legal disability . . . stemming from the conviction." That ruling, however, did not address the timeliness of the appeal. Because a timely filed appeal affords this court jurisdiction, it must be addressed at this point.

{¶ 11} A reviewing court has the duty to examine any deficiencies in jurisdiction. *Treasurer Cuyahoga Cty. v. Holloway*, 2017-Ohio-8065, ¶ 4 (8th Dist.). This court has jurisdiction to review final orders or judgments of lower courts within our district. Ohio Const., Art. IV, §3(B)(2), R.C. 2501.02. Without the timely filing of a notice of appeal, an appellate court is without jurisdiction to hear the appeal. *State v. White*, 2004-Ohio-5200, ¶ 23 (8th Dist.), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist. 1974).

{¶ 12} Under App.R. 4(A), an appeal must be taken within 30 days of the date of the judgment or order appealed from. This time period may be extended under certain circumstances when appealing from criminal or traffic final orders.

---

[1] D'Amato's reliance on these cases and Civ.R. 52 was misplaced because the Ohio Traffic Rules apply the Ohio Rules of Criminal Procedure, unless otherwise specified. Traf.R. 20; *see also* Traf.R. 14 (Crim.R. 19 applies to cases referred to magistrates.).

Relevant to this appeal and relied upon by D'Amato, App.R. 4(B)(3)(d) provides that if a party files a *timely* and *appropriate* request for findings of fact and conclusions of law under Crim.R. 19(D)(3)(a)(ii), then the time for filing a notice of appeal from the judgment or final order begins to run when the trial court enters an order resolving the request.

{¶ 13} As discussed, Crim.R. 19(D)(3)(a)(ii) governs "magistrate's decision; objections to magistrate's decision," and provides that a magistrate's decision may be general, unless findings of fact and conclusions of law are timely requested, which is either before the decision is filed or within seven days after the filing of the magistrate's decision. Notwithstanding the timeliness of the request, a magistrate did not conduct D'Amato's bench trial. Accordingly, a request under Crim.R. 19(D)(3)(a)(ii) was improper, and therefore could not be used to extend the time to appeal from the municipal court's final judgment issued on April 10, 2025.

## II. Conclusion

{¶ 14} When D'Amato attempted to file his initial appeal, it was untimely, thus explaining why he moved for leave of court. In an attempt to revive his untimely appeal, he filed an untimely and impermissible request for findings of fact and conclusions of law. The municipal court's acceptance and issuance of the findings of fact and conclusions of law does not make an otherwise untimely appeal, timely. Accordingly, this court lacks jurisdiction to consider his appeal.

{¶ 15} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR