[Cite as *PNC Bank v. Myers*, 2018-Ohio-1881.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| PNC BANK | | C.A. No.     17CA0022-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BARBARA J. MYERS, ET AL. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellees | | CASE No.     15CIV1119 |

DECISION AND JOURNAL ENTRY

Dated: May 14, 2018

CARR, Judge.

**{¶1}** Appellant, PNC Bank, appeals the judgment of the Medina County Court of Common Pleas. This Court reverses and remands.

I.

**{¶2}** On November 12, 2015, PNC Bank filed a complaint in foreclosure against Barbara Myers. The action concerned the property located at 5206 Spruce Point Ln., Brunswick, Ohio. Though Myers obtained leave of court to file her answer, she did not file a responsive pleading by the deadline set forth by the trial court. When she filed an answer on January 19, 2016, the filing was stricken on the basis that it was untimely. Thereafter, PNC unsuccessfully moved for default judgment. Myers eventually filed an answer to the complaint where she denied the allegations against her and further averred

that the complaint should be dismissed because PNC had twice previously dismissed the case pursuant to Civ.R. 41(A)(1).

{¶3} The matter proceeded to trial before a magistrate. PNC called a senior default litigation specialist to testify on its behalf. Additionally, both parties presented numerous exhibits. After trial, both parties filed post-trial briefs. On February 23, 2017, the magistrate issued a decision noting that PNC had filed numerous lawsuits against Myers. The magistrate ultimately concluded that the double-dismissal rule was applicable to the facts of this case and that PNC's complaint should be dismissed.

{¶4} PNC filed three timely objections to the magistrate's decision. Shortly thereafter, PNC supplemented its objections and filed the trial transcript. Myers filed a brief in opposition to the objections. On April 4, 2017, the trial court issued a journal entry adopting the magistrate's decision and dismissing the complaint pursuant to the double-dismissal rule.

{¶5} On appeal, PNC raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY FAILING TO CONSIDER ALL OF PNC'S TIMELY PRESENTED OBJECTIONS[.]

{¶6} In its first assignment of error, PNC contends that the trial court erred by failing to consider its objections to the magistrate's decision. This Court agrees.

{¶7} PNC raised the following three objections to the magistrate's decision:

[1] [Myers] failed to specifically assert res judicata as an affirmative defense in her Answer and, accordingly, waived the right to rely upon it to dismiss [PNC's] claims. * * *

[2] Because Myers made payments towards her loan after the commencement of the first voluntarily dismissed suit, the second voluntarily dismissed suit did not involve the same claim as the first and, accordingly, the double dismissal rule was not invoked. * * *

[3] The magistrate erred in concluding PNC's mortgage is unenforceable.

(Emphasis omitted.) PNC's first objection dealt with whether the language in Myers' answer was sufficient under Civ.R. 8(C) to allege res judicata as an affirmative defense. In its second objection, PNC argued that the double-dismissal rule was inapplicable to the facts of this case because, subsequent to the filing of the first lawsuit, Myers made several payments to PNC pursuant to a forbearance agreement reached by the parties. PNC's final objection focused on the scope of the magistrate's decision. Specifically, the magistrate stated at the end of its decision that "the practical effect of this ruling would preclude PNC from pursuing any further action on the promissory note[]" and that the mortgage was "unenforceable." In its third objection, PNC argued that the magistrate's language was overly broad and that its ruling should have been limited to the specific claims at issue in the instant action.

{¶8} In its April 4, 2017 journal entry adopting the magistrate's decision, the trial court noted that PNC filed timely objections. Significantly, however, the trial court then specified that "[t]he issue before the court is whether the double-dismissal rule of Civ.R. 41(A)(1) applies under the facts of this case[.]" The court proceeded to conduct an in-depth discussion regarding whether the double-dismissal rule was applicable based

on the litigation history between the parties. At the end of that discussion, the trial court stated, "Based on the foregoing, the court overrules plaintiff's objections to the magistrate's decision."

{¶9} On appeal, PNC asserts that the trial court only considered its second objection and failed to consider its first and third objections. PNC maintains that the trial court's judgment must be reversed and remanded for the trial court to consider all of its objections.

{¶10} Civ.R. 53(D)(4)(d) states, in pertinent part, that "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(e) states that "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order." "Whenever objections are filed, therefore, a trial court must consider whether the magistrate properly determined the factual issues and whether the magistrate appropriately applied the law." *Tillman v. Hyde Park Condominium #3 Owners Assn.*, 9th Dist. Summit No. 26455, 2013-Ohio-2432, ¶ 6, citing Civ.R. 53(D)(4)(d).

{¶11} We agree that the trial court erred by failing to consider all three of PNC's objections to the magistrate's decision. While we are unwilling to adopt PNC's suggested position that the trial court must specifically analyze and separately rule on each objection to a magistrate's decision, we are mindful that the trial court must undertake an independent review as to the objected matters pursuant to Civ.R.

53(D)(4)(d). *See generally Tillman*, at ¶ 9 ("[T]he trial court erred by confining its decision to whether the findings of fact supported the conclusions of law without considering Tillman's [other] objections to the magistrate's legal conclusions themselves."). Here, the trial court overruled PNC's objections based solely on its conclusion that "all three foreclosure claims at issue here arose out of a common nucleus of operative facts." While that determination was acutely relevant to PNC's second objection, PNC raised two additional objections that raised separate and distinct legal issues pertaining to the viability of its claim. Under these circumstances, this case must be remanded for the trial court to consider all of PNC's timely filed objections.

{¶12} PNC's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION[.]

{¶13} In its second assignment of error, PNC contends that the trial court erred in adopting the magistrate's decision and dismissing the complaint pursuant to the double-dismissal rule. As our resolution of the first assignment of error is dispositive of this appeal, we decline to address the second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶14} PNC's first assignment of error is sustained. This Court declines to address the second assignment of error as it is moot. The judgment of the Medina County Court

of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

SCHAFER, P.J.
CALLAHAN, J.
CONCUR

APPEARANCES:

H. TOBY SCHISLER and ALICIA BOND-LEWIS, Attorneys at Law, for Appellant.

ELLEN L. FORNASH, Attorney at Law, for Appellant.

BRUCE HALL, Attorney at Law, for Appellees.

BRIAN RICHTER, Assistant County Prosecutor, for Defendant.