[Cite as *Behning v. Behning*, 2019-Ohio-1429.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| PAUL BEHNING | | C.A. No. 28721 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JANET BEHNING | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. DR-2011-07-2256 |

DECISION AND JOURNAL ENTRY

Dated: April 17, 2019

SCHAFER, Presiding Judge.

{¶1} Plaintiff-Appellant, Paul Behning ("Father"), appeals the judgment of the Summit County Court of Common Pleas Domestic Relations Division modifying the child support obligation of Janet K. Behning ("Mother"). For the reasons that follow, this Court reverses.

I.

{¶2} Mother and Father divorced in Texas with two minor children. Mother received custody of the daughter, and Father was granted custody of the son. Father and son relocated from Texas to Ohio. Mother and daughter remained in Texas.

{¶3} On July 29, 2011, Father initiated proceedings in Ohio by filing a motion to modify parental rights and responsibilities, an application for child support services, and a motion to register the child custody determination issued by the district court of Dallas, Texas. After two and a half years, and the filing of additional motions, the matter was set for a hearing on January 6, 2014.

{¶4} Prior to the hearing the parties reached an agreement resolving all issues. The portion of the resolution pertinent to this appeal states Mother's agreement to pay child support to Father in the amount of $389.63 commencing January 1, 2012, increasing to $448.57 per month as of November 1, 2013, with a 2% processing fee applying to both periods. The parties entered the agreement into the record on January 6, 2014. The trial court issued an agreed judgment entry memorializing the terms of the parties' agreement. On August 6, 2014, the trial court entered an order accepting the transfer of documents from the parties' case before the district court in Texas sent on December 20, 2011.

{¶5} After the parties reached the agreement in Ohio as to Mother's support obligations for the son, the Texas court entered an order reducing Father's child support obligation for the daughter to $350.00. Mother filed a motion on August 29, 2014, seeking to vacate the February 28, 2014 agreed judgment entry on Civ.R. 60(B) grounds or, in the alternative, to modify her support obligation based on the change in circumstance resulting from the reduction of Father's support obligation by the Texas court. Mother filed a second motion in December of 2014, dismissing her prior motion to vacate, confirming her request for modification, and seeking a deviation from the monthly support payments calculated pursuant to the child support guidelines based on the disparity in the parties' income and the inequity in the support obligation imposed on Mother in light of the reduced support obligation imposed on Father by the Texas court.

{¶6} The matter came before a magistrate for a hearing on the motions on January 5, 2015. At the hearing, the parties' counsel presented arguments on the record, but the magistrate did not hear any testimony or take evidence. Trial counsel for Mother argued inequity in the parties' respective support payments and requested a modification of her support obligation for their son, noting that the trial court lacked jurisdiction over Father's support order for the

daughter. Counsel for both Mother and Father indicated that they did not have current numbers reflecting the parties' income and health insurance costs. Still, the magistrate asked to see a child support work sheet in order to "play around with it." Counsel for Father argued that there had been no change in circumstances since the last order, but also indicated the need for additional time to conduct discovery regarding income because the "income numbers [were] over a year old[.]" The magistrate expressed some confusion as to the purpose of the hearing and questioned whether Mother had actually filed a motion to modify and whether such a motion remained pending before the court. The magistrate settled upon a conclusion that the August 29, 2014 motion did request modification, and stated she would rule on that motion in writing. However, the record depicts a lack of a clear understanding between the parties and magistrate as to the intended scope of the magistrate's decision.

{¶7} Following the hearing, the magistrate issued a decision finding that Father "earns $81,000 gross per year" and "pays $1,600.00 per year for health insurance[,]" while Mother "earns $45,000 gross per year." The magistrate found that, "[p]ursuant to the split parenting child support worksheet, Father should pay Mother $267.25 per month, plus a 2% processing charge." The magistrate's decision stated "[e]ffective August 29, 2014, Father shall pay Mother $267.25 per month, plus a 2% processing charge" and "[e]ffective August 29, 2014, Mother shall pay Father -0- for child support." The trial court issued a judgment entry on January 22, 2015, which included the magistrate's decision and the trial court's adoption thereof.

{¶8} Father filed objections to the magistrate's decision, presenting four objections to the trial court. First, Father objected to the magistrate's attempt to impose an order that Father pay child support to Mother for daughter, where Mother and daughter reside in Texas and the Ohio trial court lacks jurisdiction to enter orders with respect to the daughter. Second, Father

objected to the magistrate's use of a split custody worksheet because Father pays child support for the daughter pursuant to a Texas support order. Third, Father objected that there has been no change in circumstances justifying a modification of the February 28, 2014 support order. Fourth, Father objected to the magistrate's decision to order a modification without an evidentiary hearing or stipulation by the parties.

{¶9} Mother responded to Father's objections contending that there was a change in circumstances. Mother also asserted that "the record before the [m]agistrate clearly shows Texas offset support." While she acknowledged that no evidence had been submitted to show that income had changed since the parties' agreed amounts of income in January 6, 2014, Mother suggested that it was unnecessary to take new evidence. Mother did not challenge the objection that the trial court lacked jurisdiction to order Father to pay child support to Mother.

{¶10} The trial court issued a June 21, 2017 judgment entry ruling on objections to the magistrate's decision. In its findings of fact, the trial court stated that the matter had come before the magistrate for a hearing pursuant to Mother's August 29, 2014 motion to modify child support. The trial court found that it had jurisdiction to enter orders regarding the parties' son, but acknowledged that only Texas had jurisdiction regarding the parties' daughter.

{¶11} Concerning the support payments, the trial court found that the parties agreed—on January 6, 2014—that Mother would pay support in the tiered amounts of $389.00 and $448.57. Between the date of that agreement and the eventual filing of the agreed order, the trial court found that the Texas court issued an order reducing Father's monthly support obligation to $350.00 from a previous amount not know to the trial court. The trial court recognized that Mother, in the August 29, 2014 motion, requested a modification based on the change of circumstance due to the Texas court's reduction of Father's support payment to Mother.

{¶12} The trial court acknowledged Father's objections based on lack of jurisdiction, failure to consider Father's support obligations in the worksheet, and on the grounds that there had been no change in circumstances. However, the trial court did not specifically acknowledge or address Father's objection to the lack of an evidentiary hearing. The trial court stated that it reviewed the magistrate's decision, Father's objections, the pleadings, and the transcript of the hearing before the magistrate, and sustained Father's objections to the magistrate's decision. In its decision the trial court found that the transcript of the Texas court proceedings was not made part of the record, and determined that any offsets the Texas court may have applied in calculating Father's support payment to Mother "cannot be taken into consideration" and "is not relevant to the calculation" of Mother's support payment to Father. The trial court found that the magistrate erred in using a split parenting worksheet to calculate support under the parties' circumstances.

{¶13} Next, the trial court "recalculated [Mother]'s support obligation for [son] under the sole residential parent/shared parenting worksheet * * * [u]tilizing the financial information of record[.]" The court's automatic guideline calculations reflected Mother's current payment at $458.00 per month and Father's payment at $350.00. Based on these amounts, the trial court further calculated a monthly income of $2,790.00 for Mother and $5,755.00 for Father.

{¶14} The trial court went on to consider whether to "deviate from the guideline amount of child support" pursuant to R.C. 3119.22 and in light of the factors set forth in R.C. 3119.23. The trial court then found that "respective support obligations of the parties under the sole parenting worksheet results in a disparity of incomes" between the parties' households, which the trial court found to be "inequitable, unjust, and [not in the son]'s best interest" because it had

the effect of limiting Mother's ability to have contact and to engage with her son and "is simply not fair to the child." The trial court stated that it

> recalculated support without applying the automatic guideline and deviating to zero for [Mother]'s support obligation, yet still reflecting [Father]'s $350.00 monthly support payment for [daughter] and the cost to [Father] of providing health insurance for [son]. Since a deviation to $0 represents an amount that is more than ten percent less than the amount previously established, it is considered a change in circumstances substantial enough to require modification of the child support amount. R.C. 3119.79(A).

The trial court noted that the deviation did not cure the disparity in income between the parties, but concluded that it was the "most optimal" outcome the court could craft under the circumstances because it was "simply without jurisdiction to offset the parties['] support amounts in a manner that results in [Father] paying an additional sum to [Mother] for [daughter] in order to equalize the parties' incomes." The trial court ordered, effective August 29, 2014, that Mother pay to Father "$0 per month in child support" for the son, and Father pay to Mother "$0 per month in child support" for the daughter.

{¶15} Father timely appealed the trial court's order, raising three assignments of error for our review. For ease of analysis, we consolidate our review of the assignments of error.

II.

### Assignment of Error I

**The trial court abused its discretion by modifying [Mother]'s child support obligation without supporting documentation of the parties' income in violation of R.C. 3119.05(A).**

### Assignment of Error II

**The trial court erred as a matter of law in failing to consider all [of Father's] objections to the magistrate's decision[.]**

## Assignment of Error III

**The trial court erred in modifying [Mother's] child support obligation absent the change of circumstances required by R.C. 3119.79.**

{¶16}  This Court reviews a trial court's decision regarding child support obligations for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary[,] or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  Moreover, when applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶17}  As a threshold to modifying an existing child support order, a trial court must make a finding that a change of circumstances has occurred.  *Kenney v. Carroll*, 9th Dist. Medina Nos. 13CA0090-M, 15CA0102-M, 2017-Ohio-354, ¶ 27, quoting *Batcher v. Pierce*, 9th Dist. Summit No. 26785, 2013-Ohio-4677, ¶ 10.  The procedure for modifying an existing child support order is set forth in R.C. 3119.79:

> If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

R.C. 3119.79(A).  The requirements for a court to compute child support are stated in R.C. 3119.05, and include the court's consideration of "[t]he parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents[.]"  R.C.

3119.05(A). In making its determination, "the court shall consider, in addition to all other factors required by law to be considered, the cost of health insurance the [relevant parties] have been ordered to obtain for the children specified in the order." R.C. 3119.79(B).

{¶18} Further, R.C. 3119.79(C) provides that:

> If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in [R.C. 3119.22].

However, "[b]efore a trial court can apply R.C. 3119.22 when attempting to modify an existing child support order, it must first comply with the requirements set forth in R.C. 3119.79." *Farmer v. Farmer*, 9th Dist. Medina No. 03CA0115-M, 2004-Ohio-4449, ¶ 19, citing *DePalmo v. DePalmo*, 78 Ohio St.3d 535, 539 (1997).

{¶19} In her August 29, 2014 motion, Mother argued that a modification of the child support order was warranted based on a change of circumstances. In her December 23, 2018 motion, Mother requested, that the trial court modify the support order with a downward deviation. The record reflects that the magistrate held an abbreviated hearing without taking any testimony or evidence. The hearing was limited to a discussion with the parties' respective counsel on the record, and concluded with the magistrate indicating that a forthcoming decision would be based on Mother's August 29, 2014 modification request.

{¶20} Despite the lack of evidence as to the proceedings in the Texas court resulting in a reduction in Father's support payment, or evidence showing updated and accurate numbers

required to complete a worksheet, the magistrate proceeded to recalculate the support obligation. Without making a finding as to whether a change of circumstances occurred, the magistrate used a split custody worksheet to modify Mother's support obligation and impose a support obligation on Father. In doing so, the magistrate disregarded the statements made at the hearing by Mother's counsel indicating the numbers in his prepared worksheet were "a little bit off" and expressing uncertainty about whether the worksheet was properly completed. Additionally, the magistrate disregarded the protests counsel for Father made at the hearing, averring that she had not been afforded sufficient time to discover the parties' current incomes and request for additional time to discover the current financial information.

{¶21} Father objected not only to the absence of evidence showing a change of circumstances, but also to the modification of the existing support order without an evidentiary hearing or stipulation of the parties. In its ruling, the trial court indicated that it sustained Father's objections to the magistrate's decision. However, the trial court did not consider Father's objection to the absence of a sufficient change in circumstances as a prerequisite to modification and to the magistrate's failure to conduct an evidentiary hearing.

{¶22} In its decision the trial court acknowledged the absence of certain information in the record, such as Mother's health insurance costs, finding that it could not credit Mother for health insurance because it had "no information as to whether or not [Mother] has private health insurance coverage." The trial court determined that "[t]he transcript of the Texas proceedings was not made part of the record" and that "any offsets the Texas [c]ourt may or may not have applied" in calculating Father's support obligation could not be taken into consideration by the trial court. The trial court also recognized that, while the parties agreed that the Texas court

reduced Father's support obligation, the actual amount of that reduction was "not known to [the court.]"

**{¶23}** The trial court did determine that the magistrate erred in using a split custody worksheet under these circumstances. However, without remedying the evidentiary issues or obtaining updated financial information, the trial court recalculated Mother's support obligation by completing "the sole residential parent/shared parenting worksheet" using "financial information of record" reflecting each of the parties' current support obligations. The trial court then determined a disparity in monthly incomes, applied a 100% downward deviation to Mother's calculated support obligation, and concluded that this deviated amount reflected a change in circumstances.

**{¶24}** "If one or more objections to a magistrate's decision are timely filed," Civ.R. 53(D)(4)(d) requires the trial court to rule on those objections and, in doing so, to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d) allows the trial court to hear additional evidence before ruling on the objections. When the trial court "adopts, rejects, or modifies a magistrate's decision" it must then enter a judgment or interim order. Civ.R. 53(D)(4)(e).

**{¶25}** In this matter, the trial court entered a decision stating that it sustained Father's objections. However, the trial court never specifically acknowledged the objection to the lack of an evidentiary hearing in its ruling. Moreover, the trial court considered the issues of modification and deviation based upon the existing record, without considering any additional evidence relevant to R.C. 3119.79 for a finding of a change of circumstances as a prerequisite to

modifying an existing child support order. *See Kenney*, 2017-Ohio-354 at ¶ 27, quoting *Batcher*, 2013-Ohio-4677 at ¶ 10.

{¶26} The decision of the trial court demonstrates that, contrary to its ruling, the court did not truly sustain Father's objection to the absence of a change in circumstances, and omitted ruling on Father's objection to the lack of an evidentiary hearing altogether. The trial court's decision did not resolve all of the issues raised in Father's objections. Therefore, this Court concludes that the trial court erred by failing to consider all of Father's objections, because the "court must undertake an independent review as to the objected matters pursuant to Civ.R. 53(D)(4)(d)." *PNC Bank v. Myers*, 9th Dist. Medina No. 17CA0022-M, 2018-Ohio-1881, ¶ 11. Accordingly, Father's second assignment of error is sustained.

{¶27} The issues raised in Father's first and third assignments of error are inexorably entwined with evidentiary issues of the second assignment of error, and essential to our determination that this matter must be remanded for the trial court's consideration. However, our resolution of the second assignment of error is dispositive of this appeal, and we decline to address the first and third assignments of error on the merits as they have been rendered moot. *See Myers* at ¶ 13, citing App.R. 12(A)(1)(c).

### III.

{¶28} Father's second assignment of error is sustained. This Court declines to address the merits of the first and third assignments of error as they are moot. The judgment of the Summit County Court of Common Pleas Domestic Relations Division is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BARBARA J. ROGACHEFSKY, Attorney at Law, for Appellant.

KENNETH C. MARTIN, Attorney at Law, for Appellee.