[Cite as *Sandmann v. Weaver*, 2021-Ohio-3432.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| JOSHUA SANDMANN | C.A. No.    29851 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRITTANY WEAVER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    DR-2010-06-1683 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2021

TEODOSIO, Judge.

{¶1}    Joshua Sandmann appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion for reallocation of parental rights and responsibilities.  For the following reasons, this Court reverses.

I.

{¶2}    Mr. Sandmann and Brittany Weaver are the parents of a minor child who was born in 2009.  In 2011, the trial court issued a judgment that incorporated a shared parenting plan for the child.  In 2014, the court designated Father as the residential parent for school purposes. Although not in accordance with the shared parenting plan, at some point the parents began spending alternating weeks with the child, exchanging him on Friday afternoons.

{¶3}    In 2019, Father moved for a reallocation of parental rights and responsibilities because he suspected that domestic violence was occurring in Mother's household.  Following a two-day hearing before a magistrate, the magistrate issued a decision that denied Father's

motion. Because the child had been having anxiety being away from either household for too long, the decision modified the parenting schedule so that the child would spend no more than five days in a row with one parent. The trial court adopted the magistrate's decision and made it an order of the court the same day.

{¶4} Father objected to the magistrate's decision, arguing that the facts showed that there has been a change in the circumstances of the child and that modification to the shared parenting plan is in the best interest of the child. Father also argued that the magistrate incorrectly found that there had never been criminal charges against Mother's husband and incorrectly found that the guardian recommended counseling for the child. He further argued that her decision was against the weight of the evidence. Following a hearing, the trial court overruled some of Father's objections and sustained others. Nevertheless, it made only minor adjustments to the parenting orders. Father has appealed, assigning two errors. Because the assignments of error are interrelated, we will address them together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO MODIFY CUSTODY.

ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DECISION TO NOT FIND THAT A CHANGE OF CIRCUMSTANCE HAD OCCURRED AND THAT IT WAS NOT IN THE BEST INTEREST OF THE CHILD THAT THE EARLIER SHARED PARENTING PLAN REMAIN IN EFFECT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} Father argues that the evidence presented at the hearing established that when the child is with Mother, he is constantly exposed to arguing and domestic violence committed

against Mother. Father argues that the child is at risk of suffering domestic violence himself and has experienced the emotional trauma of witnessing the abuse to Mother. Father further argues that the child has been the subject of verbal abuse by Mother's husband. According to Father, the trial court's decision contains factual errors that are against the manifest weight of the evidence and it abused its discretion when it determined that the shared parenting plan should remain in effect.

{¶6} Although Father's written motion was general in nature, at the hearing, he requested that Mother's parenting time be reduced. "[A] request for a change in parenting time is a request to alter the physical control of the child and thus constitutes a request to modify the allocation of parental rights and responsibilities." *Gunderman v. Gunderman*, 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, ¶ 23. The Revised Code provides that a court may not modify a decree allocating parental rights and responsibilities "unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child." R.C. 3109.04(E)(1)(a). Regarding whether a change of circumstances has occurred, the Ohio Supreme Court has explained that the trial court "must be given wide latitude to consider all issues which support such a change" and that its determination "should not be disturbed, absent an abuse of discretion." *Davis v. Flickinger*, 77 Ohio St.3d 415 (1997), paragraphs one and two of the syllabus. To constitute a change of circumstances under Section 3109.04(E)(1)(a), the "change must be a change of substance, not a slight or inconsequential change." *Id*. at 418.

{¶7} As previously noted, the hearing on Father's motion was before a magistrate. In her decision, the magistrate noted that Father had filed his motion because he was concerned

about violence in Mother's home, especially violence committed against her. The magistrate acknowledged that there had been multiple calls to the sheriff's office because of violence by Mother's husband. She found, however, that there had never been any charges filed against him. After noting that the child had positive feelings about both parents and the child's guardian believed that shared parenting should be maintained, the magistrate concluded that the parties should continue to share parenting rights and responsibilities.

{¶8} The magistrate did not state whether there had been a change in the circumstances of the parties. She also did not work through any analysis of the best interests of the child in her decision. The judgment entry that the trial court entered the same day as the magistrate's decision only summarily adopted the decision and also did not include any specific analysis of whether there had been a change of circumstances or the best interests of the child.

{¶9} In his objection to the magistrate's decision, Father argued that the evidence presented at the hearing demonstrated that a change in the circumstances of the child had occurred and that a modification of the shared parenting arrangement was necessary to serve the best interest of the child. He also challenged the magistrate's finding that there had never been any charges against Mother's husband, the magistrate's finding about what the guardian had recommended about counseling for the child, and the magistrate's finding about the reason he filed his motion. In ruling on Father's objection, the trial court addressed Father's motivation for filing his motion and determined that Father was interpreting what the magistrate had written too narrowly. Regarding the criminal conduct of Mother's husband, the court determined that the magistrate incorrectly found that there had never been any charges filed against him. It found that on one occasion Mother's husband was arrested and charged with domestic violence, and later pleaded guilty to disorderly conduct. The court also concluded that the magistrate was

mistaken about the child's counseling needs, and it ordered the child to continue seeing the same counselors he was already seeing. The court did not address Husband's argument that there had been a change in circumstances and that it was in the best interest of the child to modify the shared parenting plan.

{¶10} Under Civ.R. 53(D)(4)(d), a trial court is required to undertake an independent review as to objected matters and "shall rule on those objections." Upon review of the trial court's decision in this case, we conclude that the court did not acknowledge or rule on Father's objection that there had been a change in the circumstances of the child and that it was in the best interest of the child to modify the shared parenting plan. *See Behning v. Behning*, 9th Dist. Summit No. 28721, 2019-Ohio-1429, ¶ 26 (concluding that the trial court erred under Civ.R. 53(D)(4)(d) when it failed to consider all of parent's objections to magistrate's decision). We also note that, despite correcting some of the magistrate's factual findings, the trial court did not conduct a fresh analysis of whether, under the corrected version of the facts, there had been a change in the circumstances of the child. *See Batcher v. Pierce*, 9th Dist. Summit No. 26785, 2013-Ohio-4677, ¶ 20 (explaining that trial court abused its discretion when it failed "to undertake an appropriate analysis in this case" and "did not first determine that a change of circumstances had occurred" before modifying its prior order).

{¶11} Upon review of the record, we conclude that the trial court's judgment must be reversed and this case remanded to the trial court so that it may address all of Father's objections to the magistrate's decision and determine whether there has been a change in circumstances under its corrected findings of fact. We take no position on the merits of those issues at this time. Father's assignments of error are sustained.

III.

{¶12} Father's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CHARLES TYLER, SR., Attorney at Law, for Appellant.

SUSAN J. LAX, Attorney at Law, for Appellee.