[Cite as *Karmasu v. Jones*, 2026-Ohio-1841.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

MAHARATHAH KARMASU

    Appellant

    v.

LONNIE JONES

    Appellee

C.A. No.     31450

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    24 CVH 4796

DECISION AND JOURNAL ENTRY

Dated: May 20, 2026

---

HENSAL, Judge.

{¶1} Maharathah Karmasu appeals a judgment of the Akron Municipal Court that dismissed his application to deposit rent and distributed the funds he had already deposited to Lonnie Jones. For the following reasons, this Court reverses.

I.

{¶2} In July 2024, Mr. Karmasu filed an application to deposit rent with the clerk of the Akron Municipal Court. Following a hearing, a magistrate issued an order finding that, although Mr. Jones had remedied some of the issues Mr. Karmasu identified, he had not remedied all the defects within a reasonable time. The magistrate, therefore. "recommend[ed]: (1) the escrow application by [Mr. Karmasu] be Granted, (2) Mr. Karmasu be Ordered to deposit his monthly rent into escrow for any future months; and (3) the Escrow case continue until [Mr. Jones] has sufficiently repaired or improved The Rental Property." The municipal court adopted the magistrate's recommendations.

**{¶3}** In October 2024, Mr. Karmasu filed a motion for reduction of rent and deposit. On February 6, 2025, Mr. Jones filed a "Motion to Dismiss Rent Deposit Case and Excessive Costs," alleging that Mr. Karmasu failed to deposit any rent for that month. He requested that the trial court dismiss the escrow case and disperse the funds in escrow to him. On February 13, 2025, Mr. Karmasu moved to amend his complaint, seeking to amend his application to include facts and incidents that had taken place since he filed it. Over the next few weeks, Mr. Karmasu also filed a "Petitioner's Notice Respondent and Respondent's Counsel are Intending to file a Frivolous Unlawful Detainer Action," a motion to strike Mr. Jones's motion to dismiss, and a notice that Mr. Jones had not opposed his motion for a reduction of rent and refund of excess rent.

**{¶4}** On March 3, 2025, the magistrate issued a decision finding that Mr. Karmasu was obligated to pay rent on or before the first of each calendar month. The magistrate also found that, as of February 28, 2025, Mr. Karmasu had not paid his rent for February 2025. Consequently, the magistrate granted Mr. Jones's motion to dismiss Mr. Karmasu's original application to deposit rent. The magistrate also recommended that the trial court disburse the money then held in escrow to Mr. Jones less any court costs. The magistrate concluded that "[i]n light of the decision to terminate this escrow case," Mr. Karmasu's motions were moot, and denied them on that basis.

**{¶5}** On March 17, 2025, Mr. Karmasu filed an "Emergency Motion for Reconsideration and Objections[.]" On March 19, 2025, the trial court entered a judgment adopting the magistrate's decision and granting Mr. Jones's motions. Mr. Karmasu has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY GRANTING A DISPOSITIVE MOTION THAT WAS NOT SERVED IN A MANNER REASONABLY CALCULATED TO ENSURE RECEIPT BY [MR. KARMASU], IN VIOLATION OF OHIO CIV.R.

5. THIS PROCEDURAL FAILURE DEPRIVED [MR. KARMASU] OF THE FAIR PROCEEDING GUARANTEED UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY DISMISSING [MR. KARMASU]'S ESCROW ACCOUNT ACTION WITHOUT AFFORDING THE PRO SE PLAINTIFF A FAIR AND REASONABLE SHOW CAUSE OPPORTUNITY BEFORE DISMISSAL, IN VIOLATION OF OHIO CIV.R. 5, AND CIV.R. 41(B)(1). NO SPECIFIC WARNING WAS ISSUED, AND SERVICE WAS NOT VERIFIED— RENDERING THE DISMISSAL PROCEDURALLY VOID AND DENYING [MR. KARMASU] THE FAIR PROCEEDING GUARANTEED UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY DISMISSING THE ACTION FOR FAILURE TO PAY RENT WHILE A RENT-BASED MOTION TO REDUCE RENT REMAINED UNOPPOSED, UNCONSIDERED, AND UNRESOLVED FOR FOUR MONTHS. THE TRIAL COURT RULED ALL MATTERS MOOT WITHOUT ADDRESSING THE PENDING MOTION, THEREBY DENYING [MR. KARMASU] THE FAIR PROCEEDING GUARANTEED UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY DISMISSING THE CASE WITHOUT CONSIDERING PARAGRAPH ONE OF [MR. JONES]'S LEASE SUBMISSION, A RENT-SPECIFIC CLAUSE ESTABLISHING THE MONTHLY RATE AS $395.00, WITHOUT EVALUATING THE LATE PAYMENT CLAUSE THAT MODIFIES THE CONSEQUENCES OF UNTIMELY PAYMENT. ANY AMBIGUITY IN THE LEASE SHOULD HAVE BEEN CONSTRUED AGAINST [MR. JONES], ITS DRAFTER. THIS FAILURE DENIED [MR. KARMASU] A FAIR AND JUST PROCEEDING IN VIOLATION OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶6} In his assignments of error, Mr. Karmasu argues that Mr. Jones did not properly serve him with the motion to dismiss, that the municipal court did not provide him reasonable notice before dismissing his case, that the court incorrectly ruled on the motion to dismiss while his motion to reduce rent was pending, and that the court misinterpreted the rental agreement when it determined that his case should be dismissed. As a preliminary matter, we note that the arguments Mr. Karmasu made in his objections to the magistrate's decision included that he was not properly served with the motion to dismiss and that the motion should not have been ruled on while his motion to reduce rent was pending.

{¶7} The magistrate's decision advised Mr. Karmasu that he had 14 days to file objections and that, under Civil Rule 53(D)(3)(b)(iv), he could not assign an error on appeal unless he filed specific objections to a factual finding or legal conclusion. Mr. Karmasu filed objections 14 days after the decision was issued. Rule 53(D)(4)(d) provides that, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." The rule also provides that, "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶8} Although stating that it had conducted an independent review, the trial court did not address or rule on Mr. Karmasu's objections to the magistrate's decision. It is possible the municipal court was not aware objections had been filed because it signed its judgment entry the same day Mr. Karmasu filed them. Upon review of the record, we conclude that the trial court's judgment must be reversed and this case remanded so that the municipal court can address the objections to the magistrate's decision. *Sandmann v. Weaver*, 2021-Ohio-3432, ¶ 10 (9th Dist.).

Until the issues raised by the objections are resolved, Mr. Karmasu's arguments to this Court are premature.

III.

{¶9} The municipal court did not rule on Mr. Karmasu's objections, as required under Rule 53(D)(4)(d). The judgment of the Akron Municipal Court is reversed, and this cause is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
<u>CONCURS.</u>

FLAGG LANZINGER, J.
<u>DISSENTING.</u>

{¶10} I respectfully dissent. The majority reverses the judgment of the Akron Municipal Court based on an unargued possibility and an argument Karmasu did not make. "'An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority.'" *State v. Allen*, 2026-Ohio-1440, ¶ 63 (9th Dist.), quoting *State v. Watson*, 2009-Ohio-330, ¶ 5 (9th Dist.). "It is not the duty of this Court to construct arguments on an appellant's behalf." *Allen* at ¶ 63, citing App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Moreover, raising an issue on an appellant's behalf contradicts the reasoning of the Supreme Court of Ohio's recent decision in *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, wherein the Supreme Court reversed this Court's decision because this Court decided the case on an issue not raised by the parties. *Id.* at ¶ 2, 4. Here, Karmasu did not argue that the trial court abused its discretion by adopting the magistrate's decision without addressing his objections. As such, I would address Karmasu's appeal on the merits.

{¶11} In his first and second assignments of error, Karmasu argues the trial court erred by dismissing his application for rent escrow on the basis that he was not served with Jones's motion to dismiss. Upon review, I would conclude his arguments have no merit. The record reflects that both Jones's motion and the magistrate's decision were served to Karmasu in compliance with the civil rules. As such, there was a rebuttable presumption of proper service. This Court has recognized that a party "can rebut the presumption of proper service by presenting sufficient

evidence, such as an affidavit, that service was not accomplished or received by the [party]." *State Auto Ins. of Ohio v. Wilson*, 2020-Ohio-4456, ¶ 12 (9th Dist.), quoting *Runyon v. Hawley*, 2018-Ohio-2444, ¶ 16 (9th Dist.). However, Karmasu did not attach an affidavit to his objections or provide sufficient evidence to support his assertion that proper service did not exist in this case. Karmasu also does not point to anywhere in the record suggesting that any mail was returned to the Clerk of the Akron Municipal Court as undeliverable or that he filed a change of address with the Clerk.

{¶12} In his third assignment of error, Karmasu contends the trial court erred when it failed to rule on his "Motion for Reduction of Rent and Deposit and Order the Return of Excess Funds in Escrow to Plaintiff" before adopting the magistrate's decision dismissing his rent escrow application. However, the trial court adopted the magistrate's decision dismissing Karmasu's motion for reduction as moot. On appeal, Karmasu does not raise an argument that the trial court erred in determining that the motion was moot and instead argues the merits of the underlying motion. "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8; *see* App.R. 16(A)(7). Consequently, I would conclude Karmasu failed to show the trial court abused its discretion when it adopted the magistrate's decision determining his motion was moot.

{¶13} In his fourth assignment of error, Karmasu argues the trial court erred when it dismissed his application without considering a specific paragraph of the lease agreement. However, Karmasu did not raise this argument in his objections to the magistrate's decision. It is well settled that the failure to specifically raise an argument in an objection to a magistrate's decision results in forfeiture of that argument on appeal. *Johns v. Johns*, 2013-Ohio-557, ¶ 17 (9th Dist.); Civ.R. 53(D)(3)(b)(iv). As Karmasu did not set forth a plain error argument on appeal. As

such, I would overrule Karmasu's fourth assignment of error. *See Horak v. Decker*, 2018-Ohio-3659, ¶ 29 (9th Dist.).

{¶14} For the reasons stated above, I would affirm the judgment of the Akron Municipal Court.

APPEARANCES:

MAHARATHAH KARMASU, pro se, Appellant.

GREGG A. MANES, Attorney at Law, for Appellee.