OPINION
{¶ 1} Appellant, Shawn Martin ("appellant"), filed this appeal seeking reversal of a judgment by the Ohio Court of Claims reducing the amount of damages awarded in his favor in his personal injury action against appellee, the Ohio Department of Rehabilitation and Correction ("appellee"). For the reasons that follow, we reverse. *Page 2 
 {¶ 2} On July 10, 2002, appellant was an inmate at Belmont Correctional Institution, an institution operated by appellee. Appellant worked as a cooking assistant in the kitchen, where he helped prepare meals for other inmates. On the day in question, appellant was directed to whip butter by blending it with hot water in a large mixer. A heating appliance known as a "tilt skillet" was used to heat the water to 420 degrees. The water was then drained into a 28 gallon plastic container with wheels so it could be moved approximately ten feet across the floor to the mixer. Appellant had performed this task about ten times prior to the day of the incident.
 {¶ 3} Appellant had moved the plastic container next to the mixer and turned away for a moment when he felt a stinging sensation caused by the plastic container giving way and spilling the heated water down his legs. Appellant then slipped in the spilled water and fell to the floor. Appellant suffered burns on his hands, arms, legs, and buttocks. Appellant was initially treated at Belmont Correctional Institution's inmate health services, but was later transported to The Ohio State University Hospital for additional treatment.
 {¶ 4} Appellant filed suit in the Court of Claims, alleging that appellee was negligent in using the procedure for whipping butter, for using an improper container to hold the heated water, and in its training and supervision of him. The case was assigned to a magistrate for trial on the issue of liability. The magistrate concluded that appellee was negligent, but that appellant's own negligence was also a proximate cause of his injuries based on evidence that appellant had been eating a sandwich with one hand as he pulled the container of heated water across the floor with the other hand. The magistrate found that appellant's contributory negligence was 40 percent responsible for *Page 3 
the incident, and concluded that the damages awarded should be reduced by that amount. Both parties filed objections to the magistrate's decision, which were overruled.
 {¶ 5} The case then proceeded to trial on the issue of damages before the magistrate. At the conclusion of the trial, the magistrate awarded appellant $200,000 in damages and reduced the award by 40 percent, for a total award to appellant of $120,025.[1] In determining the damages to be awarded, the magistrate cited evidence by experts for both parties that appellant would not experience any functional impairment as a result of his burns, but that appellant had some scarring and experienced some itching and burning. The magistrate also cited evidence that when appellant was initially being treated in Belmont Correctional Institution's inmate health services, he was placed in a room with an air purification system to reduce the risk of infection, but became angry when he was not allowed to return to the dormitory and occasionally refused treatment and was uncooperative with medical staff.
 {¶ 6} Appellee filed objections to the magistrate's decision, arguing that the $200,000 award was not a fair and reasonable award for the injuries appellant sustained. Appellee further argued that the award was not fair and reasonable based on the magistrate's finding that appellant did not cooperate with appellee's medical staff and occasionally refused treatment. Appellee also argued that the award was not fair and reasonable based on a prior case in which an inmate who suffered second-degree burns requiring plastic surgery was awarded $132,000. Appellee did not file a transcript of the proceedings before the magistrate with its objections. *Page 4 
 {¶ 7} The trial court considered the objections, finding that appellee was not required to file the transcript because the reasonableness of the damages award was an issue of law rather than an issue of fact. The trial court sustained appellee's objections and modified the magistrate's decision to find damages in the amount of $140,000, which, when reduced by 40 percent, resulted in a total award to appellant of $84,025.
 {¶ 8} Appellant filed this appeal, alleging three assignments of error:
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT MODIFIED THE MAGISTRATE'S DECISION AWARDING DAMAGES WHEN THE AMOUNT OF THE AWARD WAS BASED UPON FACTS WHICH THE COURT COULD NOT AND DID NOT REVIEW BY WAY OF INDEPENDENT REVIEW AS REQUIRED BY RULE 53(D)(4)(d), OHIO RULES OF CIVIL PROCEDURE BECAUSE DEFENDANTS-APPELLEES FAILED TO FILE A TRANSCRIPT AS REQUIRED BY RULE 53(D)(3)(b)(iii), OHIO RULES OF CIVIL PROCEDURE.
 ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MODIFYING THE JUDGMENT CONTRARY TO LAW.
 ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT'S ACTION TAKEN WITHOUT INDEPENDENT JUDICIAL REVIEW OF THE PROCEEDING WAS ERROR AND RESULTED IN A VIOLATION OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION, AND THE 5TH AND 14TH
AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, A DENIAL OF DUE COURSE OF LAW.
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred when it modified the damages awarded by the magistrate without reviewing a transcript of *Page 5 
the hearing before the magistrate. Civ. R. 53(D)(3)(b)(iii) requires a party objecting to a magistrate's finding of fact to support that objection with the transcript of all portions of the proceeding relevant to that finding or, if a transcript is not available, with an affidavit. A trial court reviewing a magistrate's decision may accept or reject the decision, with or without modifications, or may elect to hold a new hearing, take additional evidence, or send the matter back to the magistrate for additional proceedings. Civ. R. 53(D)(4)(b).
 {¶ 10} Without a transcript of the hearing before the magistrate, the trial court is limited to consideration of the magistrate's conclusions of law in light of the facts found by the magistrate, unless the trial court elects to hold further hearings to take additional evidence.Weitzel v. Way, Summit App. No. 21539, 2003-Ohio-6822, citing Wade v.Wade (1996), 113 Ohio App.3d 414, 680 N.E.2d 1305. If a transcript is not provided, the trial court cannot make a credibility determination regarding the evidence presented to the magistrate, and is therefore required to accept the findings of fact and consider only whether the evidence supported the magistrate's findings. Moore v. Ohio Dept. ofRehab. Corr., Franklin App. No. 05AP-53, 2005-Ohio-3939. Regardless of whether a transcript is filed, the trial court has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact. Wade, 113 Ohio App.3d at 418. Our review of the trial court's application of the law to a magistrate's findings of fact is for abuse of discretion. Moore, supra.
 {¶ 11} In this case, appellee objected to the magistrate's conclusion regarding damages on, essentially, three grounds: (1) that $200,000 was not a fair and reasonable award where appellant suffered some cosmetic impairment, but no functional impairment; *Page 6 
(2) that the award was not fair and reasonable based on the magistrate's finding that appellant was sometimes uncooperative with medical staff and occasionally refused treatment; and (3) that the award was not fair and reasonable when compared with the damage award in another case, in which an inmate suffered second-degree burns that required plastic surgery. Appellee did not file a transcript of the magistrate's hearing on damages to support its objections.
 {¶ 12} The trial court found that a transcript was not necessary because appellee's objections were to the magistrate's conclusions of law, not to the findings of fact. The trial court specifically accepted the magistrate's findings of fact in their entirety, but concluded that, based on those findings of fact, the damages awarded by the magistrate were not fair and reasonable as a matter of law, and reduced the total damages awarded by $60,000.
{¶ 13} The trial court identified the three grounds argued by appellee in its objections, but did not specifically state whether the decision to reduce the damages award was based on any or all of those grounds, nor did the court otherwise set forth any explanation for its conclusion that the damages awarded were not fair and reasonable as a matter of law. Even though the reasonableness of damages awarded is a question of law, we do not believe the trial court could have adequately evaluated any of the grounds asserted by appellee in its objections without a transcript, because each of the asserted grounds would have necessarily required a review of the evidence offered at the damages hearing.
{¶ 14} In its first argument, appellee argued that the damages award was excessive where appellant suffered only cosmetic impairment as a result of his burns. *Page 7 
The magistrate noted that experts for both parties agreed that appellant suffered no functional impairment as a result of his burns, but that appellant experienced significant pain for several weeks following the incident, and continued to experience discomfort until the burns healed. The magistrate stated that the basis for the award of damages included, but was not limited to, past and future pain and suffering. Without a transcript of the damages hearing setting forth evidence regarding the pain and suffering appellant experienced, the trial court could not have considered whether the $200,000 awarded by the magistrate was a fair and reasonable award.
 {¶ 15} In its second argument, appellee argued that the award was not fair and reasonable based on the magistrate's conclusion that appellant did not cooperate with medical staff and occasionally refused treatment. Even assuming this argument truly relates to damages, rather than to appellant's contributory negligence, this argument also would have been impossible to consider without a transcript of the evidence offered showing the precise nature of appellant's lack of cooperation, and the effect that had on appellant's pain and suffering.
 {¶ 16} In its third argument, appellee argued that the award was excessive in light of the award that had been given in a prior case involving more severe injuries. This argument is particularly difficult to evaluate without a transcript, because such a comparison of what are purported to be similarly situated plaintiffs is necessarily a fact driven inquiry.
 {¶ 17} Consequently, the trial court erred when it sustained appellee's objections to the magistrate's decision and reduced the damages awarded by the magistrate where no transcript of the damages hearing was offered in support of those objections. *Page 8 
Consequently, we sustain appellant's first assignment of error. Having sustained that assignment of error, it is not necessary for us to address the second and third assignments, which are therefore overruled as moot.
{¶ l8} Having sustained appellant's first assignment of error, and overruled appellant's second and third assignments of error as moot, we reverse the trial court's judgment, and remand this matter for further proceedings consistent with this opinion.
Judgment reversed and remanded.
PETREE and TYACK, JJ., concur.
[1] The award included the $25 fee for filing the case in the Court of Claims. *Page 1