[Cite as *Tillman v. Hyde Park Condominium #3 Owners' Assn.*, 2013-Ohio-2432.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KRISTINE TILLMAN

    Appellant

    v.

HYDE PARK CONDOMINIUM #3
OWNERS ASSOC., et al.

    Appellee

C.A. No.    26455

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-02-1091

DECISION AND JOURNAL ENTRY

Dated: June 12, 2013

---

CARR, Judge.

{¶1} Appellant, Kristine Tillman, appeals an order of the Summit County Court of Common Pleas that awarded attorney's fees to appellee, the Hyde Park Condominium Owners' Association. This Court reverses.

I.

{¶2} Tillman sued the Association for damages to her unit that she believed to be caused by problems with the building exterior and, therefore, within the responsibility of the Association. She also requested injunctive relief and declaratory judgments related to other tenants' use of their units and the Association's use of a contractor who allegedly misappropriated funds derived from the fees paid by members of the Association. The Association filed a counterclaim maintaining that the damage to Tillman's unit was due to her own failure to maintain and repair her windows. The counterclaim sought injunctive relief compelling her to do so, damages for repairs made to her windows by the Association, and

attorney's fees. The trial court granted summary judgment to the Association on all but one of Tillman's claims against it, and she attempted to voluntarily dismiss the remaining claim under Civ.R. 41(A)(1)(a). The remaining claim settled.

{¶3}   With respect to the Association's counterclaim, the trial court granted summary judgment to the Association as to the cost of the repairs that it made to Tillman's windows, but scheduled a hearing before a magistrate on the Association's claims for injunctive relief and attorney's fees. After the hearing, the magistrate recommended an award of $29,377.50 in attorney's fees plus $1,700 for the cost of repairing the windows. Tillman filed timely objections supported by an affidavit of counsel, but did not file a transcript of the hearing before the magistrate. The trial court noted the absence of a transcript, adopted the magistrate's findings of fact, and concluded that "the Findings of Fact do support the Conclusions of Law." Consequently, the trial court entered judgment in favor of the Association on counts two and three of its counterclaim, awarding $1,700 in damages and $29,377.50 in attorney's fees.[1]

{¶4}   Tillman timely appealed, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES OF $29,377.50, AN AMOUNT MORE THAN 17 TIMES THE AMOUNT OF THE COMPENSATORY DAMAGE AWARD.

---

[1] The trial court did not rule on count one of the Association's counterclaim, which requested a preliminary and permanent injunction against Tillman. Similarly, Tillman's attempt to dismiss one, but not all, of her claims against the Association under Civ.R. 41(A)(1)(a) was ineffective. *See Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, at ¶ 18. Nonetheless, the trial court's judgment with respect to counts two and three of the counterclaim provided that there was no just cause for entering judgment with respect to that portion of the case under Civ.R. 54(B). *See generally Noble v. Colwell*, 44 Ohio St.3d 92 (1989), syllabus.

**{¶5}** Tillman's assignment of error raises two arguments: first, that the trial court erred by summarily entering judgment in accordance with the magistrate's decision without considering her objections to the magistrate's legal conclusions, and second, that the amount of the attorney's fees award was disproportionate to the compensatory damages. Her first argument is dispositive of this appeal.

**{¶6}** Civ.R. 53(D)(4)(d) explains the "independent review" required when timely objections to a magistrate's decision are filed:

> Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

Whenever objections are filed, therefore, a trial court must consider whether the magistrate properly determined the factual issues and whether the magistrate appropriately applied the law. *Id.* If a party objects to factual findings contained in a magistrate's decision, however, the objections must "be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). When a party objects to a finding of fact but fails to support the objection as required by the Rule, the trial court may accept the magistrate's findings of fact, but must still review the conclusions of law that are the subject of objections. *See Weitzel v. Way*, 9th Dist. No. 21539, 2003-Ohio-6822, ¶ 18. *See also Martin v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. No. 07AP-1006, 2008-Ohio-3166, ¶ 10 (In reviewing the magistrate's legal analysis, the trial court may "reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact.").

**{¶7}** Tillman did not file a transcript of the proceedings before the magistrate, but she did attach an affidavit from her attorney to the objections. The first question we must consider, then, is whether her attorney's affidavit was an appropriate substitute for the transcript of proceedings under Civ.R. 53(D)(3)(b)(iii). The terms of the Rule, however, limit the use of a transcript to situations in which the transcript is not available. *Id.* Consequently,

> The rule does not provide the objecting party with an option to file either a transcript or an affidavit. An affidavit may be employed only where a transcript of the proceedings is not available. A transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision.

*Gladden v. Grafton Correctional Institution*, 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7. Neither Tillman's objections nor her attorney's affidavit addresses the availability of the transcript in this case. Under the plain language of the Rule, Tillman could not opt to support her objections with an affidavit without showing that the transcript of proceedings was unavailable. Even if we assume without deciding that Tillman's affidavit adequately sets forth the evidence from the hearing before the magistrate, therefore, Tillman's use of an affidavit in support of her objections in this case was not proper.

**{¶8}** Our next consideration is whether the trial court erred by adopting the magistrate's decision and entering judgment in favor of the Association without first considering Tillman's objections to the magistrate's legal analysis. Tillman raised fifteen timely objections to the magistrate's decision. Some of the objections argued that the magistrate's findings of fact were contrary to the evidence, but many of them challenged the legal basis for the magistrate's recommendations by arguing that the magistrate misinterpreted or failed to apply relevant statutes and rules. In objection ten, for example, Tillman argued that the magistrate failed to

engage in the analysis required by Prof.Cond.R. 1.5 for determining the reasonableness of an attorney fee award. She also argued that the magistrate misinterpreted R.C. 5311.081(C) and that, as a matter of law, an award of attorney's fees in excess of $29,000 is disproportionate to compensatory damages of $1,700.

{¶9} The trial court summarized the requirements of Civ.R. 53(D)(3)(iii), then concluded:

> Without a transcript this Court has no basis to determine whether [Tillman's] objections to the magistrate's factual findings were well-grounded. In such cases, the trial court does not err in accepting and adopting the findings of fact contained in the magistrate's decision.

> Upon review of the Magistrate's decision, without review of the transcript, this Court finds that the Findings of Fact do support the Conclusion of Law. Accordingly, this Court will overrule the Appellant's objections to the Magistrate's decision.

(Internal citations omitted.) To the extent that the trial court accepted and adopted the magistrate's findings of fact in the absence of a transcript, it did not err. Nonetheless, Civ.R. 53(D)(4)(d) requires "an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues *and appropriately applied the law*." (Emphasis added.) With respect to the legal arguments raised by objections in this case, the trial court erred by confining its decision to whether the findings of fact supported the conclusions of law without considering Tillman's objections to the magistrate's legal conclusions themselves. *See generally* Civ.R. 53(D)(4)(d).

{¶10} We agree that the trial court erred by failing to consider Tillman's objections to the extent that they challenged the correctness of the magistrate's legal conclusions. The rest of her assignment of error, which argues that the substance of the trial court's judgment is incorrect, is premature.

**{¶11}** Tillman's assignment of error is sustained.

III.

**{¶12}** Tillman's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court to consider Tillman's objections, without a transcript, in light of this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee, Hyde Park Condominium #3 Owners' Association.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR

APPEARANCES:

TIM L. COLLINS and JULIE A. PERKINS, Attorneys at Law, for Appellant.

CULLEN J. COTTLE, Attorney at Law, for Appellee.