[Cite as *In re Guardianship of Bowers*, 2019-Ohio-3794.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In re: Guardianship of David E. Bowers,    :

                                 :                    No. 19AP-107
                                                 (Prob. No. 584856)

(David E. Bowers,               :

                                      (REGULAR CALENDAR)

      Appellant).            :

---

D E C I S I O N

Rendered on September 19, 2019

---

**On brief:** *David E. Bowers*, pro se. **Argued:** *David E. Bowers*

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

BEATTY BLUNT J.

{¶ 1} Appellant, David E. Bowers ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, overruling appellant's objections to a magistrate's decision and adopting the magistrate's decision denying the motion of appellant to remove Raymond E. Bowers ("Raymond") as guardian of the estate of appellant (the "estate"). For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 16, 2017, the probate court appointed Raymond guardian of the estate. The guardianship became necessary because of a neurocognitive disorder resulting from appellant's Non-Hodgkin's Lymphoma.

{¶ 3} On August 30, 2017, Raymond filed a report of insolvency of the estate.

{¶ 4} On December 4, 2017, the probate court issued an entry adopting a magistrate's decision rendered on November 9, 2017 and ordered Raymond to proceed with summary land sale proceedings to sell some of appellant's property. The court further ordered Raymond to secure, appraise, and liquidate appellant's personal property as

necessary; examine and secure any personal property contained in the contents of appellant's car; and to secure any assets contained in any safes or safety deposit boxes of appellant.

{¶ 5}  On August 24, 2018, Raymond filed a withdrawal of representation of insolvency but noted that he believed the estate would eventually become insolvent.

{¶ 6}  On August 30, 2018, appellant filed a motion to remove Raymond as guardian of the estate.

{¶ 7}  On September 21, 2018, Gregory DuPont ("Attorney DuPont"), counsel for Raymond, filed an application for fees, requesting $12,948.80 in legal fees and expenses and $12,156.10 in guardian fees to be paid to Raymond.

{¶ 8}  A magistrate of the probate court conducted a hearing on the motion of appellant for removal of Raymond as the guardian of the estate and the application for fees on November 19, 2018.

{¶ 9}  On December 14, 2018, the magistrate issued a decision finding that $12,588.80 in legal fees and costs was reasonable and of the ultimate benefit of the ward, that $12,156.10 in guardian's fees was appropriate pursuant to the Loc.R. 73.1(A) fee schedule, and further, that there is no evidence to justify the removal of Raymond as guardian of the estate.

{¶ 10} On December 17, 2018, appellant submitted objections to the magistrate's decision on the issue of removal of Raymond as guardian.  Appellant did not object to the magistrate's findings regarding the fees requested by Attorney DuPont.  Further, appellant did not file a transcript of the hearing before the magistrate in support of his objections to the magistrate's decision.

{¶ 11} On February 6, 2019, the probate court issued a judgment entry overruling appellant's objections to the magistrate's decision and adopting the magistrate's decision in full.

{¶ 12} On February 22, 2019, appellant filed a notice of appeal to this court from the judgment of the probate court.  Appellant filed his pro se appellate brief on April 22, 2019.  Raymond did not file a brief.

## II.  ASSIGNMENT OF ERROR

{¶ 13} Appellant asserts the following assignment of error for our review:

> The probate court erred and abused its discretion in dismissing appellant's action.

## III.  STANDARD OF REVIEW

{¶ 14} The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court, and (2) raised on appeal by assignment of error. *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14. In a case involving a court's consideration of removal of a guardian pursuant to R.C. 2109.24, the substantive standard is abuse of discretion: " 'Selection of a guardian is within the discretion of the probate court, subject to statutory restrictions; and that selection will be reversed on appellate review only if it represents an abuse of discretion.' " *Id.*, quoting *In re Guardianship of Duffy*, 10th Dist. No. 88AP-600 (Mar. 16, 1989); *In re Guardianship of Cohodes*, 10th Dist. No. 14AP-318, 2015-Ohio-2532, ¶ 17. "An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV.  LEGAL ANALYSIS

{¶ 15} Generally, when objections to a magistrate's decision are filed, a trial court undertakes a de novo review of the magistrate's decision. *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19.  Pursuant to Civ.R. 53(D)(3)(b)(iii), however, if an objecting party fails to provide a transcript or affidavit of evidence, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions. *Phelps v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-70, 2016-Ohio-5155, ¶ 28; *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 18. "Regardless of whether a transcript is filed, the trial court has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact." *Martin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-1006, 2008-Ohio-3166, ¶ 10.

{¶ 16} In this case, appellant submitted objections to the magistrate's decision but did not provide a transcript; therefore, the probate court accepted the magistrate's factual findings and conducted an independent review of the magistrate's conclusions of law. The probate court ultimately rejected appellant's objections and adopted the magistrate's decision as its own.

{¶ 17} Under Ohio law, a trial court does not err in accepting as true a magistrate's factual findings where the objecting party fails to obtain a transcript of the magistrate's hearing or provide the trial court an affidavit of the evidence if a transcript was unavailable. *JPMorgan Chase Bank, N.A. v. Liggins*, 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 18 (because objecting party failed to provide the transcript from the magistrate's trial, as required by Civ.R. 53(D)(3)(b)(iii), until after her objections were overruled, the factual findings of the trial court had to be accepted with respect to consideration of her objections to the magistrate's decision); *Stewart v. Hickory Hills Apts.*, 9th Dist. No. 14CA0038-M, 2015-Ohio-5046. *See also Schwarzbach* at ¶ 19 (because the ward did not file the complete transcript necessary for review of his manifest-weight arguments, the trial court appropriately limited its review to accepting the magistrate's determination of fact based on the evidence and only reviewed the magistrate's decision for error in applying the relevant law to those facts).

{¶ 18} Accordingly, Civ.R. 53 and case law decided thereunder compel the conclusion the probate court did not err when it adopted the findings of fact made by the magistrate in the absence of a transcript of the evidence presented to the magistrate at the November 19, 2018 hearing. Indeed, given appellant's non-compliance with Civ.R. 53(D)(3)(b), the probate court was required to accept the magistrate's factual findings and could only examine the legal conclusions drawn from those facts. *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977.

{¶ 19} Appellant states in support for his asserted assignment of error "[i]n essence, I would like a complete separation from Raymond Bowers. I would like the State of Ohio to step in and represent me in the area of the aforementioned with full communication with the Ward." (Appellant's Brief at 7.) The court construes appellant's argument as an assertion that the probate court erred in not removing Raymond as guardian of the estate of appellant.

{¶ 20} In matters relating to guardianships, the probate court is required to act in the best interest of the ward. *In re Guardianship of Clark*, 10th Dist. No. 09AP-96, 2009-Ohio-3486, ¶ 29. Ordinarily, an appellate court will not second guess the trial court's determination where there is competent, credible evidence to support it. *Id.* at ¶ 33. "[T]he plenary power of the probate court as the superior guardian allows it to investigate whether a guardian should be removed upon receipt of sufficient information that the guardian is not acting in the ward's best interest." *In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, ¶ 58.

{¶ 21} Here, the probate court, applying the magistrate's factual findings, reached the following conclusion regarding its consideration of the removal of Raymond as guardian of the estate:

> The facts in this case do not support the removal of Raymond as guardian of the estate. On November 9, 2017, this court issued a magistrate's decision ordering Raymond to secure, appraise, and liquidate any of David's personal property as needed to pay expenses. No evidence was presented that Raymond exceeded the bounds of this court's order when he seized David's collectibles or the painting.
>
> Further, all available evidence and testimony supports the sale of David's home. The investigator's report showed David's properties were in foreclosure and Raymond testified that David's SSDI income was insufficient to pay the mortgages. Under the circumstances, sale of the properties without attempting repairs appears to be the best option to preserve David's estate.
>
> In addition, David's divorce action is still pending and a change in guardian of the estate at this time would create even more expense for David's estate. Therefore, based on the fact before this court, Raymond is taking necessary and appropriate steps to delay the insolvency of David's estate for as long as possible.

(Feb. 6, 2019 Decision at 6-7.)

{¶ 22} The magistrate's findings of fact germane to the instant appeal, which were adopted by the probate court, are fairly summarized as follows. On October 5, 2018, court investigator Keith Semones ("Semones") filed a report entitled "Court Investigator's Comments" which was fully incorporated into the magistrate's decision. (Dec. 14, 2018 Mag. Decision at 3, ¶ 11.) Semones spoke to Raymond, who informed Semones that

appellant owned multiple rental properties which were in foreclosure, and that the mortgages on the rental properties were secured with appellant's personal residence, which was also in foreclosure.  (Mag. Decision at 3, ¶ 12.)

{¶ 23} Semones also spoke to Attorney DuPont, who informed Semones that appellant's only source of income is from social security disability income ("SSDI"), and that if the SSDI was used to pay the mortgages, "David would be left with almost no money on which to live."  (Mag. Decision at 3-4, ¶ 13.)  Attorney DuPont also explained that appellant's primary residence is in a state of disrepair, and appellant's current income could not support the necessary maintenance.  (Mag. Decision at 4, ¶ 13.)  In addition, appellant's financial situation was further complicated by his pending divorce proceedings and appellant's wife's request for spousal support in connection therewith.  (Mag. Decision at 4, ¶ 13.)  Attorney DuPont explained that he had instructed Raymond not to pay the mortgages on the rental properties and to allow them to fall into foreclosure based on the reasoning that a quick sale of the properties was in the best interest of appellant's estate.  (Mag. Decision at 4, ¶ 13.)  Based on the information obtained from Raymond and Attorney DuPont, Semones believed Raymond was adequately managing appellant's estate.  (Mag. Decision at 4, ¶ 14.)

{¶ 24} The foregoing magistrate's findings of fact, as properly adopted by the probate court, support the court's decision to decline to remove Raymond as guardian of the estate of appellant.  We hold the probate court did not abuse its discretion in making its decision that Raymond remain as guardian as the facts establish such a determination is in appellant's best interest.

## V.  CONCLUSION

{¶ 25} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

———————————