[Cite as *Ausmundson v. Spicher*, 2023-Ohio-3512.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

CLAYTON AUSMUNDSON

    Appellan

    v.

JENNIFER SPICHER, et al.

    Appellee

C.A. No.     30570

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    22 CVG 05742

DECISION AND JOURNAL ENTRY

Dated: September 29, 2023

SUTTON, Presiding Judge.

**{¶1}** Plaintiff-Appellant, Clayton Ausmundson, appeals from the judgment of the Akron Municipal Court. This Court affirms, in part, and reverses, in part.

I.

**Relevant Background**

**{¶2}** This appeal arises from a complaint filed by Mr. Ausmundson against Defendant-Appellee, Jennifer Spicher, and all other occupants of the rented premises known as 243 E. Thornton, Akron, Ohio 44311. The complaint alleged two causes of action: (1) forcible entry and detainer; and (2) monetary damages in the amount of $23,345.45. After a hearing on November 2, 2022, with both parties present, a trial court magistrate denied the writ of restitution of the premises due to inadequate statutory notice, and dismissed the second cause of action for monetary damages due to failure to state a recoverable claim.

**{¶3}** Mr. Ausmundson filed objections to the magistrate's findings of fact and conclusions of law. In so doing, Mr. Ausmundson requested a copy of the audio recording of the November 2, 2022 hearing, and had it transcribed by Jenna M. Robinson, a notary public. Mr. Ausmundson attached a copy of the hearing transcript to his objections as an exhibit. In his objections, Mr. Ausmundson argued the magistrate erred in denying the writ of restitution of the premises due to improper notice and reliance on Ms. Spicher's claims regarding obtaining CARES Act assistance to pay her rent. Further, Mr. Ausmundson argued the magistrate erred in dismissing his claim for damages because he was not aware damages would be discussed at the November 2, 2022 hearing and the claim could have been transferred to the court of common pleas.

**{¶4}** In denying Mr. Ausmundson's objection on the first cause of action, forcible entry and detainer, the trial court stated:

> [Mr. Ausmundson] submitted an audio tape transcript but failed to request or pay for an official transcript of the hearing held on November 2, 2022. Because [Mr. Ausmundson] failed to request and submit an official transcript of the evidence [his] [o]bjection is denied on the [f]irst [c]ause of [a]ction.

The trial court did not address Mr. Ausmundson's objection to the magistrate's dismissal of the second cause of action relating to monetary damages.

**{¶5}** Mr. Ausmundson now appeals raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY DENYING [MR. AUSMUNDSON'S] OBJECTION TO THE MAGISTRATE'S DECISION OF NOVEMBER 2, 2022[,] ON THE GROUND THAT "[MR. AUSMUNDSON] FAILED TO[] SUBMIT AN OFFICIAL TRANSCRIPT OF THE EVIDENCE[]" AS REQUIRED BY CIV.R. 53(D)(3)(b)(iii).**

{¶6} In his first assignment of error, Mr. Ausmundson argues the trial court erred in denying his objections to the magistrate's decision because he did not file an official transcript of the November 2, 2022 hearing, prepared by a stenographic/shorthand reporter.

{¶7} Pursuant to Civ.R. 53(D)(3)(b)(iii):

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶8} Additionally, Akron Municipal Court Local R. 26 states:

> The court has determined that audio electronic recording devices shall be used to record the official proceedings of the court. All requests for audio taped copies of court proceedings shall be made in writing and directed to the secretary/court records officer. Such requests may be made on the form provided by the Court Reporter.
>
> The Court Reporter shall prepare a verbatim, audio tape copy of the court proceedings and provide same to any requesting party within 48 hours of said request. The requesting party shall pay the cost of the tapes at a rate of $2.50 per tape. The requesting party may then cause the tape to be *transcribed* in accordance with 9(A) of the Rules of Appellate Procedure.

(Emphasis added.) Although Local R. 26 incorrectly cites App.R. 9(A), it clearly references the transcription of audio recordings which is specifically addressed in App.R. 9(B)(2), stating:

> Any stenographic/shorthand reporter selected by the trial court to record the proceedings may also serve as the official transcriber of those proceedings without prior trial court approval. Otherwise, the transcriber of the proceedings must be approved by the trial court. A party may move to appoint a particular transcriber or the trial court may appoint a transcriber sua sponte; in either case, the selection of the transcriber is within the sound discretion of the trial court, so long as the trial court has a reasonable basis for determining that the transcriber has the necessary qualifications and training to produce a reliable transcript that conforms to the requirements of App.R. 9(B)(6).

{¶9} Here, although a stenographic/shorthand reporter did not actually *record* the proceedings because they were recorded via audio tape, App.R. 9(B) still required Mr. Ausmundson to seek the approval of the trial court regarding the person he selected to transcribe the audio tape. The record reveals Mr. Ausmundson did not do so. Thus, because Mr. Ausmundson did not comply with Local R. 26, the trial court did not err in disregarding Mr. Ausmundson's unofficial transcript of the November 2, 2022 hearing in its review of the magistrate's findings of fact.

{¶10} Accordingly, Mr. Ausmundson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY DENYING [MR. AUSMUNDSON'S] OBJECTION WITHOUT FIRST INDEPENDENTLY REVIEWING THE CONCLUSIONS OF LAW THAT WERE THE SUBJECT OF THE OBJECTIONS.**

{¶11} In his second assignment of error, Mr. Ausmundson argues the trial court erred in failing to review the challenges made to the magistrate's conclusions of law.

{¶12} Civ.R. 53(D)(4)(d) states:

> Action on objections[.] If one or more objections to a magistrate's decision are timely filed, the court *shall rule on those objections*. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues *and appropriately applied the law*. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

(Emphasis added.) "Whenever objections are filed, therefore, a trial court must consider whether the magistrate properly determined the factual issues and whether the magistrate appropriately applied the law." *Tillman v. Hyde Park Condo. #3 Owners' Assn.*, 9th Dist. Summit No. 26455, 2013-Ohio-2432, ¶ 6. If a party objects to factual findings contained in a magistrate's decision, however, the objections must "be supported by a transcript of all the evidence submitted to the

magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *Id.* quoting Civ.R. 53(D)(3)(b)(iii). "When a party objects to a finding of fact but fails to support the objection as required by the Rule, the trial court may accept the magistrate's findings of fact, but must still review the conclusions of law that are the subject of objections." *Id*., *citing Weitzel v. Way*, 9th Dist. Summit No. 21539, 2003-Ohio-6822, ¶ 18.

{¶13} The trial court, here, denied Mr. Ausmundson's objections to the magistrate's findings of fact and conclusions of law because he failed to support his objections with a transcript of the evidence. However, as indicated above, the trial court erred in failing to undertake an independent review of Mr. Ausmundson's objections to the extent they challenged the accuracy of the magistrate's legal conclusions.

{¶14} Accordingly, Mr. Ausmundson's second assignment of error is sustained.

III.

{¶15} Mr. Ausmundson's first assignment of error is overruled and his second assignment of error is sustained. The judgment of the Akron Municipal Court is affirmed, in part, reversed, in part, and remanded for proceedings consistent with this decision.

Judgment affirmed, in part,
reversed, in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to equally to both parties.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

JOSEPH E. OLIVER, Attorney at Law, for Appellant.

JENNIFER SPICHER, pro se, Appellee.