[Cite as *U.S. Bank Natl. Assn. v. Bubna*, 2024-Ohio-3195.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

U.S. BANK NATIONAL ASSOCIATION, :

       Plaintiff-Appellee,     :

                                     No. 113569

       v.                 :

WALTER P. BUBNA, ET AL.,     :

       Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 22, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-952468

---

### *Appearances:*

Robbins Kelly Patterson & Tucker, Zachary D. Prendergast, and Charles E. Rust, *for appellee*.

Walter P. Bubna, *pro se.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Walter P. Bubna, appeals the trial court's judgment overruling his "objection" to the magistrate's decision that granted summary judgment to plaintiff-appellee, U.S. Bank National Association, as Indenture Trustee for VCC 2020-MC1 Trust ("U.S. Bank"), and ordered foreclosure

on the real property. For the reasons that follow, we dismiss the appeal for lack of a final appealable order.

## I.   Procedural History and Background

{¶ 2}   On August 31, 2021, U.S. Bank filed a foreclosure complaint, requesting a judicial sale against Bubna. As required by R.C. 2329.191 and Cuyahoga C.P., Gen.Div., Loc.R. 24.0(A), U.S Bank submitted a preliminary judicial report with its complaint; however, the effective date of the report was July 16, 2021, which was outside the 30-day statutory timeframe.

{¶ 3}   Bubna moved to dismiss the complaint, contending that U.S. Bank failed to comply with R.C. 2329.191 that requires a party seeking foreclosure and requesting a judicial sale to file a preliminary judicial report with an effective date of 30 days of the complaint. He also contended that the preliminary judicial report was deficient because it did not contain the correct street address, which is also required by R.C. 2329.191.

{¶ 4}   U.S. Bank conceded that the preliminary judicial report was outside of the statutory timeframe but contended that R.C. 2329.191 permitted substantial compliance. Moreover, it maintained that R.C. 2329.191 is not jurisdictional, but permissive, and thus dismissal was not warranted. Nevertheless, U.S. Bank offered to file a statutory-compliant preliminary judicial report, if ordered by the trial court. The trial court summarily denied Bubna's motion to dismiss, but it did not order U.S. Bank to file an updated preliminary judicial report.

{¶ 5} While his motion to dismiss was pending, Bubna requested discovery from U.S. Bank that seemingly went unanswered because on the same day that Bubna filed for summary judgment, Bubna filed a motion to compel discovery, asserting that he had only received one piece of paper from U.S. Bank. In response, U.S. Bank stated that it possessed over 400 pages of documents to provide to Bubna, but it was first asking him to sign an Agreed Protective Order to obtain those documents.

{¶ 6} Both parties moved for summary judgment. Bubna again raised the deficiencies in the preliminary judicial report submitted with U.S. Bank's complaint asserting that because U.S. Bank did not comply with R.C. 2329.191(B), judgment should be granted in his favor. In its opposition, U.S. Bank again asserted that strict compliance with R.C. 2329.191 was not required.

{¶ 7} In its motion for summary judgment, U.S. Bank contended that it was entitled to an order of foreclosure because (1) it was the holder of the note and mortgage, or at least a party entitled to enforce the instruments by virtue of the chain of assignments and transfers, (2) Bubna defaulted on his mortgage, and (3) that all conditions precedent were met. On the same day that U.S. Bank moved for summary judgment, it also filed a "final judicial report" with an effective date of December 12, 2022, but still contained the wrong street address of the property.

{¶ 8} Bubna opposed U.S. Bank's motion, contending that (1) U.S. Bank could not establish that it complied with the mandatory statutory requirements of R.C. 2329.191 because its preliminary judicial report did not have an effective date

within thirty days of the foreclosure complaint filing date, and further has an incorrect property address for the property, which also violated the mandatory statutory requirements of R.C. 2329.191(B); (2) U.S. Bank's failure to comply with R.C. 2329.191 further deprived the trial court of jurisdiction; (3) U.S. Bank deprived him of due process and equal protection; (4) U.S. Bank lacked standing because it was not the holder of the note because no allonge was affixed to the note and the assignment was defective because it was not lawfully notarized; (5) the affidavit in support of U.S. Bank's motion was invalid and void because it was unlawfully notarized.

{¶ 9} On July 6, 2023, U.S. Bank filed a "supplemental final judicial report" with an effective date of April 26, 2023; the property address for the property was corrected.

{¶ 10} On August 15, 2023, the magistrate summarily denied Bubna's motion for summary judgment but granted judgment in favor of U.S. Bank and ordered a decree of foreclosure.

{¶ 11} Bubna timely raised seven objections, contending that the magistrate erred in granting summary judgment because (1) U.S. Bank failed to comply with R.C. 2329.191 in submitting its preliminary judicial report; (2) U.S. Bank's failure to comply with R.C. 2329.191 further deprived the trial court of jurisdiction; (3) U.S. Bank deprived him of due process and equal protection; (4) U.S. Bank lacked standing because it was not the holder of the note because no allonge was affixed to the note and the assignment was defective because it was not lawfully notarized; (5)

Sandi Lawrence's affidavit in support of U.S. Bank's motion was invalid and void because it was unlawfully notarized and thus inadmissible hearsay; (6) discovery was never completed and the magistrate's finding that he received discovery was factually incorrect; and (7) genuine issues of material fact remained to be litigated.

{¶ 12} On December 19, 2023, the trial court issued a "judgment entry adopting the magistrate's decision over objection" that summarily denied Bubna's "objection." The trial court's decision did not identify any of Bubna's objections nor did it independently address the objections.

## II. The Appeal

{¶ 13} Bubna now appeals, raising seven assignments of error, contending that the trial court erred in granting summary judgment in favor of U.S. Bank, denying his motion to dismiss, and challenging certain pretrial discovery issues. The assignments of error are as follows:

> 1. The Trial Court committed prejudicial error by granting summary judgment to Plaintiff-Appellee U.S. Bank, etc. and denying summary judgment to Defendant-Appellant Walter Bubna, denying Appellant's Motion To Dismiss and Reconsideration, and overruling Defendant's Objections and entering a decree of foreclosure when the preliminary judicial report (PJR ) in the foreclosure complaint did not comply with the mandatory timeframe statutory effective date requirements for a foreclosure complaint requesting a judicial sale in R.C. 2329.191. As a result, the judgment of the trial court must be reversed and judgment granted to Defendant-Appellant. Per the Ohio Supreme Court in *State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio- 1122, ¶ 18, *GMAC Mtge. LLC v. Jacobs*, 2011-Ohio -1780; *Lula Karras v. Terry Karras*, Montgomery County Court of Common Pleas Case No. 2016 CV 06440.

> 2. The Trial Court and the magistrate erred by not finding that Plaintiff-Appellee U.S. Bank's failure to comply with the mandatory timeframe statutory requirements of R.C. 2329.191 bars its request for a foreclosure judicial sale under R.C.2329.31, from day one of this case

and also deprives the Trial Court of jurisdiction to decide the case and further the Trial Court and magistrate erred in granting Plaintiffs Motion For Summary Judgment and denying defendant's Motion For Summary Judgment, and issuing a Decree of Foreclosure.

3. The Trial Court and Magistrate erred by not finding that Defendant-Appellant is entitled to due process and the equal protection of law under the U.S. and Ohio Constitutions and consistent application of law as in the cases of *State ex rel. Nyamusevya v. Hawkins, supra*; *GMAC Mtge., LLC v. Jacobs, supra* and *Lula Karras v. Terry Karras* case, *supra*.

4. The Trial Court and Magistrate erred by not finding that Plaintiff-Appellee U.S. Bank lacked standing when it filed this case as it was not the holder of the note; plus Plaintiffs alleged ownership of the mortgage was also defective as the assignment from Velocity Commercial Capital LLC was defective as to the assignment and notarization thereunder; further the assignments of mortgage were defective and void as the unauthorized practice of law; in addition, no allonge was attached to the note at the time of filing, thus Plaintiff-Appellee was not able to enforce the note under R.C. 1303.24; R.C. 1303, et seq., also see *SMS Financial v. Waxman Chabad*, 2021-Ohio-4174 (8th Dist.).

5. The Trial Court and Magistrate erred by granting Plaintiffs Motion for Summary Judgment when it was based on the invalid affidavit of Sandie Lawrence which contained inadmissible hearsay under Civil Rule 56 E and there were issues of material fact. In addition, no payment history was attached and thus summary judgment should not have been granted to Appellee. *See Fannie Mae v. Ford*, 2016-Ohio-919, ¶ 20 (8th Dist.)

6. The Trial Court and Magistrate erred in granting Plaintiff Summary Judgment and a Foreclosure Decree while denying discovery and denying Defendant's Motion to Compel discovery on a factually mistaken judgment error that Defendant-Appellant received 400 pages of documents when in fact Appellant only received only 1 page and Appellant waited since January 4. 2022 to receive said documents, plus the trial court and the trial court erred by stating that Plaintiff does not have to answer defendant's interrogatories, submitted also on January 4, 2022, nor provide any initial discovery to Appellant under Civil Rule 26.

7. The Trial Court and the Magistrate erred and committed plain error by granting summary judgment to Plaintiff, denying defendant's

Motion for Summary Judgment and entering a decree of foreclosure to Plaintiff and denying Defendant due process and equal protection and statutory and procedural rights to discovery, and not follow the Ohio statutes and case law.

## III. Final Appealable Order

{¶ 14} Before addressing the merits of the appeal, this court must decide whether the judgment entry is a final appealable order.

{¶ 15} This court has jurisdiction to review final orders or judgments of lower courts within our district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. If the order is not a final, appealable order, we lack jurisdiction and must dismiss the appeal. *Madfan, Inc. v. Makris*, 2015-Ohio-1316, ¶ 11 (8th Dist.). This court, therefore, has the duty to sua sponte examine any deficiencies in jurisdiction. *Treasurer Cuyahoga Cty. v. Holloway*, 2017-Ohio-8065, ¶ 4 (8th Dist.).

{¶ 16} Civ.R. 53(D)(4)(d), provides in relevant part, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court *shall* undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." (Emphasis added.) "Whenever objections are filed, therefore, a trial court must consider whether the magistrate properly determined the factual issues and whether the magistrate appropriately applied the law." *Tillman v. Hyde Park Condominium #3 Owners Assn.*, 2013-Ohio-2432, ¶ 6 (9th Dist.), citing Civ.R. 53(D)(4)(d).

{¶ 17} In this case, we cannot affirmatively conclude that the trial court considered Bubna's objections because its decision does not expressly rule on any of

the objections and does not mention any of the issues Bubna raised. *See Del Zoppo v. Del Zoppo*, 2018-Ohio-4216 (8th Dist.) (appeal dismissed for lack of a final, appealable order because the trial court did not address all of the raised objections to the magistrate's decision). *Id.* at ¶ 10. While this court does not require a trial court to provide comprehensive findings of fact and conclusions of law, a trial court's decision must be more than merely rubber-stamping the magistrate's decision. *In re B.W.*, 2011-Ohio-4513, ¶ 9 (8th Dist.).

{¶ 18} Our review reflects that the trial court "adopted" the magistrate's decision by attaching it to its judgment entry, but then essentially restated the language of that decision as its judgment entry without even mentioning any of the objections raised by Bubna — the trial court merely stated, "Defendant Walter Bubna's objection to the Magistrate's Decision is overruled." Although some of Bubna's objections were raised in his summary judgment and brief in opposition to U.S. Bank's summary judgment motion, the magistrate also did not consider each argument Bubna raised, specifically whether R.C. 2329.191 or Loc.R. 20.4(A) permits substantial compliance in filing a preliminary and final judicial report. Accordingly, the trial court's restatement of the magistrate's decision left issues unresolved.

{¶ 19} Based on the objections raised and the trial court's summary denial of Bubna's objections without sufficient indication that the trial court undertook "an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law," as

required by Civ.R. 53(D)(4)(d), this court finds that the trial court did not fully determine the action and we lack jurisdiction to consider this appeal.

{¶ 20} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR